UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TEMUJIN KENSU,

    Plaintiff,

v.

                                              Civil Case No. 16-13505
                                              Honorable Linda V. Parker

WILLIAM BORGERDING, M.D., et al.

    Defendants.
_____/

**<u>OPINION AND ORDER (1) REJECTING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, (2) ADOPTING REPORT AND RECOMMENDATION AND DENYING PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER, AND (3) LIFTING INJUNCTION</u>**

This matter presently is before the Court on Plaintiff's emergency motion for a temporary restraining order to enjoin Defendants from transferring Plaintiff to a different prison facility. Magistrate Judge Stephanie Dawkins Davis, to whom the matter has been referred for all pretrial proceedings, issued a Report and Recommendation on July 3, 2018, recommending that this Court deny Plaintiff's motion. (ECF No. 115.) In light of the exigencies of the matter, this Court ordered the parties to file objections to the R&R on or before July 6, 2018. (ECF No. 116.) Any response to any objections were to be filed on or before July 10, 2018. (*Id.*) The Court enjoined Defendants from transferring Plaintiff until it had the opportunity to review and rule on any objections. (*Id.*)

Plaintiff filed objections to the R&R on July 6, 2018. (ECF No. 117.) Defendants filed responses to Plaintiff's objections on July 10, 2018. (ECF No. 118, 119.)

When objections are filed to a magistrate judge's R&R on a dispositive matter,[1] the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the report and recommendation waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

In his motion, Plaintiff claims that Defendants are transferring him to another facility in retaliation for his pursuit of this litigation. The Court must consider four factors in deciding whether to grant Plaintiff's request for an injunction: (1) whether Plaintiff has a strong likelihood of success on the merits; (2) whether Plaintiff is likely to suffer irreparable injury without the injunction; (3)

---

[1] Under the Local Rules for the Eastern District of Michigan, a motion for injunctive relief is a dispositive motion. E.D. Mich. LR 7.1(e)(1)(A).

whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction. *Tumblebus Inc. v. Cranmer*, 399 F.3d 754, 760 (6th Cir. 2005). No single factor is controlling; however, "a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000). The movant bears the burden of demonstrating entitlement to an injunction. *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).

To succeed on a First Amendment retaliation claim, the plaintiff must show: (1) that he engaged in protected conduct; (2) the defendant took an adverse action that would deter a person of ordinary firmness from continuing to engage in that conduct, and (3) the adverse action was taken at least in part because of the exercise of the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 393 (6th Cir. 1999). Magistrate Judge Davis concluded that Plaintiff presented "very little evidence to establish likelihood of success of the merits of his claims." (R&R at 6, ECF No. 115 at Pg ID 1904.) Magistrate Judge Davis assumed that Plaintiff had engaged in protected conduct, but found no evidence to support the remaining elements of his claim. (*Id.* at 6-8, Pg ID 1904-06.) As to the causal connection requirement, Magistrate Judge Davis wrote that "[P]laintiff provides no evidence,

3

either by way of declaration, affidavit, testimony, documents or otherwise to tie together his [protected conduct] with the pending transfer." (*Id*. at 7, Pg ID 1905.)

Plaintiff's objections contain much hyperbole and argument, but again no evidence to show that the decision to transfer him to another facility was made in some part because of his protected conduct. Plaintiff attaches hundreds of pages of exhibits to his objections but, again, the evidence therein relates to his alleged denial of adequate medical care rather than the transfer decision. Plaintiff asserts that Defendants have fabricated the reason for the transfer, but offers nothing to substantiate that claim. As reflected in the cases cited by Magistrate Judge Davis in her R&R, conclusory allegations of retaliatory motive are insufficient to show a likelihood of success on the merits. (R&R at 8, ECF No. 115 at Pg ID 1906.)

In his objections, Plaintiff fails to demonstrate that the remaining preliminary injunction factors warrant relief. First, Plaintiff merely speculates about a new facility's ability to meet his health care needs. He spends much time pointing out how those needs are not being met by the medical providers at his current location, but this does nothing to show a likelihood of irreparable harm if he is transferred. While a transfer may make it more difficult for Plaintiff and his counsel to meet in person, this does not demonstrate irreparable harm. Second, Plaintiff's assertion of public harm—that is, "permit[ting] baseless claims of sexual harassment to dictate decision making (Obj. at 13, ECF No. 117 at Pg ID 1932)—

4

is premised on Plaintiff's assertion that Defendants' reason for his transfer is fabricated. Again, however, Plaintiff has presented no evidence to support this conclusory assertion.

For these reasons, the Court rejects Plaintiff's objections to Magistrate Judge Davis' July 3, 2018 R&R and adopts her recommendation to **DENY** Plaintiff's emergency motion for a TRO and preliminary injunction. The Court therefore lifts its order enjoining Defendants from transferring Plaintiff.

**IT IS SO ORDERED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: July 12, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, July 12, 2018, by electronic and/or U.S. First Class mail.

s/ R. Loury  
Case Manager