UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TEMUJIN KENSU,

           Case No. 16-cv-13505
           Hon. Linda V. Parker
   Plaintiff,     Mag. Stephanie Dawkins Davis

v.

WILLIAM BORGERDING, M.D., et al.,

   Defendants.

_____/

EXCOLO LAW, PLLC       MICHIGAN ATTORNEY
SOLOMON RADNER (P73653)    GENERAL'S OFFICE
Attorney for Plaintiffs        Civil Litigation, Employment &
26700 Lahser Road, Suite 401    Elections Division
Southfield, MI 48033       Douglas G. Powe (P36409)
(248) 291-9712         P.O. Box 30736
sradner@excololaw.com      Lansing, MI 48909
              (517) 373-6434

CHAPMAN LAW GROUP
Ronald W. Chapman (P37603)
Carly Van Thomme (P59706)
Patrick L. Klida (P78737)
Attorneys for Defendants Corizon, Inc.
and Robert Lacy, D.O.
1441 West Long Lake Raod, Suite 310
Troy, MI 48098
(248) 644-6326

_____/

### PLAINTIFF'S MOTION TO EXCLUDE EXPERT TESTIMONY BY DEFENDANTS' PROFFERED EXPERTS PAUL J. DROUILLARD, D.O. AND ARNOLD J. FELTOON, M.D.

### ORAL ARUGMENT REQUESTED

NOW COMES Plaintiff, Temujin Kensu, by and through his attorneys, Keith Altman and EXCOLO LAW, PLLC, for his Motion to Exclude Expert Testimony by Defendants' Proffered Experts Paul J. Drouillard, D.O. and Arnold J. Feltoon, M.D. states as follows:

1. This action involves claims arising out of the medical treatment of Mr. Temujin Kensu, an individual incarcerated with the Michigan Department of Corrections ("MDOC").

2. Plaintiff is seeking damages for violations of his Eight Amendment Constitutional rights.

3. Defendants proffer Paul J. Drouillard, D.O. ("Drouillard") as an expert witness to provide opinion testimony regarding orthopedic care.

4. Drouillard's testimony does not meet the requirements of Rule 26 of the Federal Rules of Civil Procedure, or Rules 104 and 702 of the Federal Rules of Evidence, and therefore the testimony should be excluded from consideration of the trier of fact and from evidence.

5. Defendants proffer Arnold J. Feltoon, M.D. ("Feltoon") as an expert witness to provide opinion testimony regarding correctional medicine.

6. Feltoon's testimony does not meet the requirements of Rule 26 of the Federal Rules of Civil Procedure, or Rules 104 and 702 of the Federal Rules of

Evidence, and therefore the testimony should be excluded from consideration of the trier of fact and from evidence.

7. Pursuant to the "gatekeeper" function and procedure set forth by *Daubert v. Merrel Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993); and, later, *Kumho Tire Company v. Carmichael*, 526 U.S. 137, 119 S. Ct. 1167, 143 L. Ed. 2d 238 (1999), and for the reasons stated in the attached Brief, Drouillard's and Feltoon's testimony and opinion should be excluded from consideration of the trier of fact and from evidence.

WHEREFORE, for the reasons stated above and in the attached brief, Plaintiff respectfully requests that this Honorable Court enter an Order excluding from evidence any opinion testimony from Defendants' proffered experts, Paul J. Drouillard, D.O., and Arnold J. Feltoon, M.D.

Respectfully Submitted,

Dated: December 6, 2018      Excolo Law, PLLC

*/s/ Keith Altman*
Keith Altman (P81702)
Attorney for Plaintiffs
26700 Lahser Rd., Suite 401
Southfield, MI  48033
(516) 456-5885
kaltman@excololaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TEMUJIN KENSU,                                    Case No. 16-cv-13505
                                                 Hon. Linda V. Parker
          Plaintiff,                             Mag. Stephanie Dawkins Davis

v.

WILLIAM BORGERDING, M.D., et al.,

          Defendants.

_____/

EXCOLO LAW, PLLC                      MICHIGAN ATTORNEY
SOLOMON RADNER (P73653)               GENERAL'S OFFICE
Attorney for Plaintiffs               Civil Litigation, Employment &
26700 Lahser Road, Suite 401          Elections Division
Southfield, MI 48033                  Douglas G. Powe (P36409)
(248) 291-9712                        P.O. Box 30736
sradner@excololaw.com                 Lansing, MI 48909
                                      (517) 373-6434

CHAPMAN LAW GROUP
Ronald W. Chapman (P37603)
Carly Van Thomme (P59706)
Patrick L. Klida (P78737)
Attorneys for Defendants Corizon, Inc.
and Robert Lacy, D.O.
1441 West Long Lake Raod, Suite 310
Troy, MI 48098
(248) 644-6326

_____/

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO EXCLUDE
EXPERT TESTIMONY BY DEFENDANTS' PROFFERED EXPERTS
PAUL J. DROUILLARD, D.O. AND ARNOLD J. FELTOON, M.D.**

**ORAL ARUGMENT REQUESTED**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................... iii

LOCAL RULE CERTIFICATION ....................................................... iv

CONCISE STATEMENT OF ISSUES PRESENTED ............................ v

CONTROLLING/APPROPRIATE AUTHORITY .................................. v

BACKGROUND .................................................................................. 1

DEFENDANTS' EXPERT DISCLOSURES AND REPORT ................... 1

STANDARD OF REVIEW ................................................................... 3

ARGUMENT ....................................................................................... 5

   I.   THE TESTIMONY OF DEFENDANTS' EXPERTS PAUL J.
      DROUILLARD, D.O. AND ARNOLD FELTOON, M.D. SHOULD BE
      EXCLUDED AS IT IS INADMISSIBLE PURSUANT TO FED. R. CIV. P. 26. 5

     A.  The Expert Reports Were Not Properly Disclosed. .................................... 6

     B.  The Expert Reports Do Not Contain Required Information. ....................... 7

   II.  THE TESTIMONY OF DEFENDANTS' EXPERTS PAUL J.
      DROUILLARD, D.O. AND ARNOLD FELTOON, M.D. SHOULD BE
      EXCLUDED AS IT IS INADMISSIBLE PURSUANT TO FED. R. EVID. 702. 8

     A.  Neither Drouillard Nor Feltoon are Qualified to Offer Opinion Testimony
        Regarding the Treatment of Plaintiff's Medical Needs. .................................... 10

     B.  Neither Drouillard's Nor Feltoon's Testimony is Based on Sufficient Facts
        or Data. ..................................................................................................... 16

     C.  Neither Drouillard's Nor Feltoon's Testimony is the Product of Reliable
        Principles and Methodology Reliably Applied to the Facts of this Case. ......... 22

CONCLUSION .................................................................................. 24

CERTIFICATE OF SERVICE ............................................................ 25

# TABLE OF AUTHORITIES

## Cases

*Berry v. City of Detroit,* 25 F.3d. 1342 (6th Cir. 1994) ..............................................12

*Coffey v. Dowley Mfg., Inc.,* 187 F. Supp. 2d 958 (M.D. Tenn. 2002) ...................20

*Daubert v. Merrel Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993) .................................................................................... passim

*Ellipsis, Inc. v. The Color Works, Inc.,* 428 F.Supp. 2d 752 (W.D. Tenn. 2006).. 19, 22, 23

*G.E. v Joiner*, 522 U.S. 136, 118 S. Ct. 512, 139 L. Ed. 2d 508 (1997) ................24

*Gen. Elec. Co. Joiner*, 522 U.S. 136, 139 L. Ed. 2d 508, 118 S. Ct. 512 (1997)......4

*Greenwell v. Boatwright*, 184 F.3d 492 (6th Cir. 1999)...........................................5

*Kumho Tire Company v. Carmichael*, 526 U.S. 137, 119 S. Ct. 1167, 143 L. Ed. 2d 238 (1999) ...................................................................................................3, 10

*Lake Michigan Contractors v. The Manitowoc Co.*, 225 F. Supp. 2d 791 (W.D. Mich. 2002)........................................................................................................5, 27

*Martin v. Indiana Michigan Power Co.,* 292 F. Supp. 2d. 947 (W.D. Mich. 2002) ............................................................................................................................12

*Mohney v. USA Hockey, Inc.,* 300 F.Supp.2d 556 (N.D. Ohio 2004) ....................19

*Nelson v. Tenn. Gas Pipeline Co.*, 243 F.3d 244 (6th Cir. 2001)................... passim

*Pride v. BIC Corp.,* 218 F.3d 566 (6th Cir. 2000) ....................................... 12, 14, 26

*R.C. Olmstead, Inc., v. CU Interface, LLC*, 606 F.3d 262 (6th Cir. 2010)...............7

*Roberts v. Galen of Va., Inc*., 325 F.3d 776 (6th Cir. 2003).....................................6

*Smelser v. Norfolk Southern Railway Co.,* 105 F.3d 299 (6th Cir. 1997) ......... 10, 11

## Rules

Fed. R. Civ. P. 26 ........................................................................................ 3, 6, 7, 8

Fed. R. Evid. 104 ..............................................................................................3, 10

Fed. R. Evid. 703 ................................................................................................19

# LOCAL RULE CERTIFICATION

The undersigned counsel certifies that pursuant to E.D. Mich. L.R. 7.1(a), Plaintiff has contacted the Defendants seeking their concurrence to the relief sought in the instant motion, however, Defendants declined any such concurrence.

The undersigned counsel further certifies that this document complies with E.D. Mich. LR 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). The undersigned further certifies that the brief is the appropriate length since it does not exceed 25 pages. E.D. Mich. LR 7.1(d)(3).

Dated: December 6, 2018           Respectfully Submitted,

*/s/ Keith Altman*
Keith Altman (P81702)
Attorney for Plaintiffs
26700 Lahser Rd., Suite 401
Southfield, MI  48033
(516) 456-5885
kaltman@excololaw.com

iv

## CONCISE STATEMENT OF ISSUES PRESENTED

    **I.**   **Is the opinion testimony of Corizon's expert Paul J. Drouillard, D.O. admissible under Fed. R. Civ. P. 26?**
Plaintiff's Answer: No.

   **II.**   **Is the opinion testimony of Corizon's expert Arnold J. Feltoon, M.D. admissible under Fed. R. Civ. P. 26?**
Plaintiff's Answer: No.

 **III.**   **Is the opinion testimony of Corizon's expert Paul J. Drouillard, D.O. admissible under Fed. R. Evid. 702?**
Plaintiff's Answer: No.

  **IV.**   **Is the opinion testimony of Corizon's expert Arnold J. Feltoon, M.D. admissible under Fed. R. Evid. 702?**
Plaintiff's Answer: No.


## CONTROLLING/APPROPRIATE AUTHORITY

*Daubert v. Merrel Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993)

*Nelson v. Tenn. Gas Pipeline Co.*, 243 F.3d 244 (6th Cir. 2001)


Fed. R. Civ. P. 26


Fed. R. Evid. 702

## BACKGROUND

For the purposes of this motion, Plaintiff incorporates his "Statement of Facts" provided in his Response in Opposition to Defendants' Motion for Summary Judgment.

## DEFENDANTS' EXPERT DISCLOSURES AND REPORT

In support of their claims, Defendants' have proffered the expert testimony of Paul J. Drouillard, D.O. and Arnold Feltoon, M.D. Defendants submitted Drouillard's and Feltoon's expert report to the Court and Plaintiff for the first time on October 29, 2018 in support of their combined motion for summary judgment. The expert reports as provided by Corizon's motion do not meet the disclosure requirements of Fed. R. Civ. P. 26 nor do they meet the rigorous scientific standards required under Fed. R. Evid. 702 and are therefore inadmissible. To the extent that these opinions are a necessary component of Corizon's motion for summary judgment, that motion should be denied. This is addressed in Plaintiff's Opposition to Defendants' motion for summary judgment.

Paul J. Drouillard, D.O. is Defendants' retained expert in "orthopedic medicine." He asserts in his report he does "not believe [Plaintiff] requires any other orthopedic care" than what he has already been given by Defendants. He states that he does "not believe [Plaintiff] requires the multitude of treatments he has requested." He states that several times that there is "no scientific evidence this is of

any benefit" in response to Plaintiff's requests for specific treatment. He also states that he "reviewed a letter authored by [Defendant] Dr. Lacy" and found "his thought process to be well reasoned and appropriate." Finally, he recommends that Plaintiff refrain from exercising.

Arnold Feltoon, M.D. is Defendants' retained expert in "correctional medicine." He asserts that Plaintiff's "chronic care has been in accordance with standard and accepted medical practice." In regard to Plaintiff's knee injury he writes in his "Statement of Opinions" that "[t]he complete report of the MRI was reviewed by Dr. Lacy as well as Dr. Husain the physician in the facility. Based on that report it was determined that the knee sleeve ordered by [Plainitff] was not indicated nor considered appropriate for his underlying condition." He states that "[t]he medical care provided to [Plaintiff] has been without any evidence of bias or unsafe medical practices, nor is there any evidence of a concerted effort to withhold accepted medical care when indicated." Finally, he concludes that the "Corizon medical staff at all times practices good medical care in accordance with accepted and well-established policies and procedures for the provision of medical care to inmates in jails."

Plaintiff submits, and more fully described herein, that these conclusions are not based on sufficient facts and data, and they are not the produce of reliable methodology and principles.  Further, the expert reports are devoid of several

mandatory requirements. As such, they are not admissible under Fed. R. Civ. P. 26

or Fed. R. Evid. 702 and should be stricken.

## STANDARD OF REVIEW

Fed. R. Civ. P. 26 governs the contents of the disclosures of expert reports.

Rule 26(a)(2)(B) provides that an expert report must contain the following:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the facts or data considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them;
>
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Evid. 702 and 104 govern the admission of expert witness testimony.

In *Daubert v. Merrel Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786,

125 L. Ed. 2d 469 (1993); and, later, *Kumho Tire Company v. Carmichael*, 526 U.S.

137, 119 S. Ct. 1167, 143 L. Ed. 2d 238 (1999), the Supreme Court has established

what has come to be called the trial court's "gatekeeper" obligation. A trial judge

considering a proffer of expert testimony must first consider whether the expert is

qualified by knowledge, skill, experience, training, or education. The trial court then

turns to an examination of the proffered opinion testimony to determine if:

A. The testimony is based upon sufficient facts or data;

B. The testimony is the product of reliable principles and methods, and;

C. The witness has applied the principals and methods reliably to the facts of the case, whether the evidence is relevant and "fits" the case.

(Fed. R. Evid. 702).

The inquiry is to address methodology and fit and not the conclusions generated. However, it has been noted that "conclusions and methodology are not entirely distinct from one another." *Gen. Elec. Co. Joiner*, 522 U.S. 136, 139 L. Ed. 2d 508, 118 S. Ct. 512 (1997).

A district court is not required to admit expert testimony "that is connected to existing data only by the *ipse dixit* of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered." *Nelson v. Tenn. Gas Pipeline Co.*, 243 F.3d 244, 254 (6th Cir. 2001)

Whether holding an evidentiary hearing regarding a *Daubert* challenge to proffered expert testimony is necessary in each case is within the discretion of the trial court. *Nelson.* The district court under the gatekeeper function, in lieu of an evidentiary hearing, must ensure an adequate record, with specific factual findings on the record, and provide the parties an opportunity to argue the admissibility of the disputed testimony. *Greenwell v. Boatwright*, 184 F.3d 492 (6th Cir. 1999).

Thus, a trial court must state a basis for a determination that reliable conclusions which will assist the trier of fact are sufficiently proffered. "The trial

court's gate-keeping function requires more than simply 'taking the expert's word for it.'" *Lake Michigan Contractors v. The Manitowoc Co.*, 225 F. Supp. 2d 791, 798 (W.D. Mich. 2002).

## ARGUMENT

**I.   THE TESTIMONY OF DEFENDANTS' EXPERTS PAUL J. DROUILLARD, D.O. AND ARNOLD FELTOON, M.D. SHOULD BE EXCLUDED AS IT IS INADMISSIBLE PURSUANT TO FED. R. CIV. P. 26.**

The opinion testimony of Defendants' experts Paul J. Drouillard, D.O. and Arnold Feltoon, M.D. should be inadmissible under Rule 26 of Federal Rules of Civil Procedure, which provides an expert disclosure "must be accompanied by a written report" that must contain:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the facts or data considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them;
>
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B)(i-vi).

The Sixth Circuit and Federal Rules "require[] absolute compliance with Rule 26(a)." *Roberts v. Galen of Va., Inc*., 325 F.3d 776, 782 (6th Cir. 2003); *See also R.C. Olmstead, Inc., v. CU Interface, LLC*, 606 F.3d 262, 271 (6th Cir. 2010) (affirmed district court decision to bar report that did not meet requirements of Rule 26(a)).

## A. The Expert Reports Were Not Properly Disclosed.

Rule 26 of the Federal Rules of Civil Procedure provides, "[i]n addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." (a)(2)(A). In addition, a written report is <u>required at the time of disclosure</u> "[u]nless otherwise stipulated or ordered by the court." *Id*. at (B) (emphasis added).

Defendants did not provide the written reports of their expert witnesses to Plaintiff until the filing their Motion for Summary Judgment, ECF #140, where they attached the reports as exhibits ECF #140-8 and ECF #140-9. On May 1, 2018, Plaintiff's counsel received Defendant's expert disclosures by mail. (*See* Exhibit 1). In the disclosures, Defendants listed Arnold J. Feltoon, M.D. and Paul J. Drouillard, D.O. as retained experts. While the disclosures state that the Expert Report was attached, no reports were produced by Defendants to Plaintiff until the filing of their Motion for Summary Judgment. Plaintiff is prejudiced because discovery was

completed in February of 2018 and Defendant's Expert Disclosures (including a written report per Fed. R. Civ. P. 26(a)(2)(B)) were due May 1, 2018. (See ECF #91). Thus, Plaintiff respectfully request this Honorable Court exclude the testimony of both Paul J. Drouillard, D.O. and Arnold Feltoon, M.D.

### B. The Expert Reports Do Not Contain Required Information.

Defendants' expert reports are missing the majority of the information required by Fed. R. Civ. P. 26(a)(2)(B)(i-vi).

The report of Paul J. Drouillard, ECF #140-8, does not contain the requirements of Rule 26(a)(2)(B)(iv) "the witness's qualifications, including a list of all publications authored in the previous 10 years."  The report contains no reference to any qualifications or publications whatsoever. Apart from the letterhead on which the report is typed, there is no indication that Mr. Drouillard is qualified to make any statements on orthopedic medicine. Next, the report does not contain "(v) a list of all other cases in which, during the previous four years, the witness testified as an expert as trial or by deposition." Nor does the report contain "(vi) a statement of the compensation to be paid for the study and testimony in the case."

Similar to the report described above, the report of Arnold Feltoon, ECF, 140-9, does not contain the required information set forth in Fed. R. Civ. P. 26(a)(2)(B)(iv-vi). The report does not contain "the witness's qualifications," "a list

of all other cases" in which the expert testified, or "a statement of the compensation to be paid."

Thus, because the proffered reports do not meet the absolute requirements of Fed. R. Civ. P. 26(a), the report should be excluded from evidence.

## II.   THE TESTIMONY OF DEFENDANTS' EXPERTS PAUL J. DROUILLARD, D.O. AND ARNOLD FELTOON, M.D. SHOULD BE EXCLUDED AS IT IS INADMISSIBLE PURSUANT TO FED. R. EVID. 702.

The opinion testimony of Defendants' experts Paul F. Drouillard, D.O. and Arnold Feltoon, M.D. regarding orthopedic and corrections medicine should be inadmissible under Rule 702 of the Federal Rules of Evidence, which provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) *the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.*

Rule 702 was amended in response to the Supreme Court decision in *Daubert v. Merrel Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). In *Daubert,* the Supreme Court held that pursuant to Fed. R. Evid. 702 and Fed. R. Evid. 104(a), a trial judge must determine at the outset whether the reasoning and methodology used by an expert is scientifically valid and whether the reasoning or methodology properly can be applied to the facts in issue.

In *Kumho Tire Company v. Carmichael*, 526 U.S. 137 (1999), the Supreme Court further addressed the trial court's responsibilities under Fed. R. Evid. 702, holding that the trial court's "gatekeeping" obligation extends to *all* expert testimony, not simply "scientific" testimony. The Court also held that the *Daubert* list of factors to be considered in determining admissibility is "flexible," and that the trial court should consider the *Daubert* factors where they are "reasonable measures of the reliability of expert testimony." *Id.* at 152.

The party seeking to have expert testimony admitted bears the burden of showing "that the expert's findings are based on sound science"; this requires "some objective, independent validation of the expert's methodology." *Smelser v. Norfolk Southern Railway Co.,* 105 F.3d 299, 303 (6th Cir. 1997), quoting *Daubert v. Merrell Dow Pharmaceuticals, Inc. (On Remand),* 43 F.3d 1311, 1316 (9th Cir. 1995), *cert. denied,* 516 U.S. 869 (1995). The proponent of the testimony must establish its admissibility by a preponderance of proof. *See Daubert,* 509 U.S. at 592 n.10. The Court is not required to admit expert testimony "that is connected to existing data only by the ipse dixit of the expert" and "may conclude that there is simply too great an analytical gap between the data and the opinion proffered." *Nelson v. Tennesee Gas Pipeline Co.,* 243 F.3d 244, 254 (6th Cir. 2001).

The Sixth Circuit has repeatedly affirmed the exclusion of expert testimony on grounds of inadmissibility under Fed. R. Evid. 702. See *Smelser, supra* (expert

testimony on seat belt defect should have been excluded where Plaintiff failed to establish that seat belt tests were based on scientifically valid principles, or were generally accepted methods for testing seat belts); *Nelson, supra* (affirming exclusion of expert testimony that PCBs caused visual and neurological impairment where expert's methodology was flawed); *Pride v. BIC Corp.,* 218 F.3d 566, 578 (6th Cir. 2000) (excluding expert testimony that explosion and burns were caused by defective lighter where the methodologies were not reliable and experts failed to conduct replicable laboratory experiments).

### A. Neither Drouillard Nor Feltoon are Qualified to Offer Opinion Testimony Regarding the Treatment of Plaintiff's Medical Needs.

Pursuant to Fed. R. Evid. 702, a witness may testify only if he or she is qualified as an expert by "knowledge, skill, experience, training, or education..." While a witness may be generally qualified to offer testimony in a certain field, the analysis pursuant to a *Daubert* inquiry as to qualifications must be specific. "The issue with regard to expert testimony is not the qualifications of a witness in the abstract, but whether those qualifications provide a foundation for a witness to answer a specific question." *Martin v. Indiana Michigan Power Co.,* 292 F. Supp. 2d. 947, 958 (W.D. Mich. 2002), citing *Berry v. City of Detroit,* 25 F.3d. 1342, 1351 (6th Cir. 1994) (concluding that expert had no more experience than did the jury in determining the effect of disciplinary action on police officers' future conduct).

The Court in *Daubert* held that, when faced with a proffer of expert scientific testimony, the trial judge is assigned with "the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert,* 509 U.S. at 597. Referring to Fed. R. Evid. 702, the Supreme Court stated in *Daubert* that "[n]othing in the text of this Rule establishes 'general acceptance' as an *absolute prerequisite* to admissibility." *Daubert*, 509 U.S. at 588 (emphasis added). Rather, the expert's testimony must be the result of scientific knowledge. *Id*. at 589.

> The adjective "scientific" implies a grounding in the methods and procedures of science. Similarly, the word "knowledge" connotes more than subjective belief or unsupported speculation. The "term applies to any body of known facts or to any body of ideas inferred from such facts or accepted as truths on good grounds." Of course, it would be unreasonable to conclude that the subject of scientific testimony must be "known" to a certainty; arguably, there are no certainties in science. "Indeed scientists do not assert that they know what is immutably 'true'-they are committed to searching for new, temporary theories to explain, as best they can, phenomena." "Science . . . represents a process for proposing and refining theoretical explanations about the world that are subject to further testing and refinement." But in order to qualify as "scientific knowledge" an inference or assertion must be derived by the scientific method. Proposed testimony must be supported by appropriate validation- i.e., "good grounds," based on what is known.

*Id*. at 590 (internal citations omitted). Citing this passage, the Sixth Circuit has stated:

> By defining evidentiary reliability in terms of scientific validity, the *Daubert* Court instructed district courts that their primary function as "gatekeepers" is "to determine whether the principles and methodology underlying the testimony itself are valid" - not to second guess the validity of conclusions generated by otherwise valid methods, principles, and

reasoning. *United States v. Bonds*, 12 F.3d 540, 556 (6th Cir.1993). Although there is no single criterion for determining whether a specific scientific methodology is reliable, the *Daubert* Court identified several factors that a district court should consider when evaluating the scientific validity of expert testimony, notably: the testability of the expert's hypotheses (whether they can be or have been tested), whether the expert's methodology has been subjected to peer review, the rate of error associated with the methodology, and whether the methodology is generally accepted within the scientific community. *See Daubert*, 509 U.S. at 593-94, 113 S. Ct. 2786.

*Pride v. BIC Corp*. 218 F.3d 566, 577 (6th Cir. 2000).  Thus, as stressed by the Sixth Circuit, the court's role is not to second-guess the validity of conclusions, only to ensure that an appropriate scientific method is used. In order to determine this, the court is not restricted to the factors listed in *Daubert*, nor is any one factor determinative. Rather,

> The Court in *Daubert* identified several factors that may bear on the inquiry, but took care to emphasize that the inquiry is "a flexible one." [*Daubert*] at 594, 509 U.S. 579, 113 S.Ct. 2786, 125 L. Ed. 2d 469. In *Kumho*, the Court reiterated that the factors mentioned in Daubert were neither definitive, nor exhaustive, and may or may not be pertinent to the assessment in any particular case. *Kumho*, 526 U.S. at 141, 119 S.Ct. 1167. Noting that the *Daubert* factors will often be appropriate in determining reliability, the Court in *Kumho* found that the trial court must consider whether the factors are reasonable measures of reliability in a given case. *Id*. at 152, 119 S.Ct. 1167.

*Nelson*, 243 F.3d at 251.

Here, Defendants' have provided no evidence whatsoever of the "knowledge, skill, experience, training or education" that qualifies these individuals to testify as experts under Fed. R. Evid. 702. Other than the letterhead upon which the expert

reports are submitted and the initials after the expert's names, Defendants have not provided any evidence that the proffered experts are in fact experts or that they are qualified to testify on anything.

     i.   Drouillard's Qualifications

Drouillard seeks to testify that "[b]ased on the information available to [him], [he] does not believe [Kensu] requires the multitude of treatments he has requested." (ECF #140-8, Page ID #3488). This opinion is based on "the medical records in this case, including the plaintiff's second amended complaint, deposition transcripts of plaintiff, deposition transcripts of Lia Gulick, medical records from the Michigan Department of Corrections, an order granting Corizon's motion for summary judgment 2013 case,[1] emails produced by Corizon and Michigan Department of Corrections." (ECF #140-8, Page ID #3487). However, Drouillard's report does not meet the admissibility requirements mandatory for admittance pursuant to Fed. R. Evid. 702. Here, Drouillard's report has failed to demonstrate any specific knowledge of the treatment of orthopedic injuries. He merely states that some of Plaintiff's requests are "controversial and without clear clinical evidence of proven benefit" or that it could "be of some benefit" or it "is not scientifically proven to be of any benefit." (ECF #140-8, Page ID #3487). He provides no academic or medical

---

[1] Plaintiff posits that medical information about Plaintiff's current medical needs cannot realistically be gained from the legal conclusions of a court of law dated before litigation on this issue began.

literature or studies whatsoever to corroborate his opinion that Plaintiff does not need the requested treatment and the report has failed to provide any support or explanation outlining the basis for establishing his conclusions. Nor has he personally evaluated Plaintiff's medical needs. Further, without a resume or list of relevant works or publications, Defendants have provided no evidence whatsoever that their proffered expert is qualified to make determinations on Plaintiff's serious medical needs.

     ii.   <u>Feltoon's Qualifications</u>

Feltoon seeks to testify that "[t]he Corizon medical staff at all times practices good medical care in accordance with accepted and well-established policies and procedures for the provision of medical care to inmates in jails." (ECF #140-9, Page ID #3496). This opinion is based MDOC Medical Records for Kensu from March 2016-September 2016, the depositions of Lia Gulick and Plaintiff, Emails of Dr. Jeffrey Bomber, Dr. Robert Lacy, Marianna McKissick, MDOC, Plaintiff's second amended complaint, Order granting Corizon's motion for summary judgment in a 2015 case.[2] (ECF #140-9, Page ID #3492). However, Feltoon's report does not meet the admissibility requirements mandatory for admittance pursuant to Fed. R. Evid. 702. Here, Feltoon's report has failed to demonstrate any specific knowledge of the treatment of orthopedic injuries, a main issue according to Defendants' expert,

---

[2] See n. 1, *supra*.

Drouillard. (ECF #140-8, Page ID #3487). At no point in Feltoon's report does he describe a "standard of care." Yet he states that "[t]he Corizon medical staff at all times practices good medical care in accordance with accepted and well-established policies and procedures for the provision of medical care to inmates in jails." (ECF #140-9, Page ID #3496). At most he states "[t]his chronic care has been in accordance with standard an accepted medical practice." (*Id.* at Page ID #3496). He provides no academic or medical literature or studies whatsoever to corroborate his opinion that Defendants have provided proper medical treatment. Nor has he personally evaluated Plaintiff's medical needs. Further, without a resume or CV, Defendants have provided no evidence whatsoever that their proffered expert is qualified to make determinations on Plaintiff's serious medical needs.

Feltoon's report is similarly deficient in that it fails to demonstrate any knowledge of the treatment of orthapedic medical needs and is lacking any information showing that Feltoon has ever treated a patient with orthopedic issues, either throughout his experiences in correctional medicine or his career entirely. While Feltoon may very well have the experience, qualifications, and training of an expert in correctional medicine, the record is entirely devoid any factors bearing reasonable reliability that Feltoon has the knowledge, qualifications, and training to render an opinion on the treatment of an individual with orthopedic medical needs.

Defendants' proffered expert have failed to describe a standard of care, have never evaluated Plaintiff's medical needs personally, and have provided no evidence of any qualifications or reliable data to enable the proffered experts to make any conclusions whatsoever. The record is thus devoid of any explanation or proof that either of the opinions in the reports are the products of reliable principles and methods regarding the treatment of medical needs and is similarly deficient regarding the information outlining the application of those principals and methods. As such, the only "existing data" available is "the *ipse dixit* of the expert," and this Court should conclude "that there is simply too great an analytical gap between the data and the opinion proffered." *Nelson,* 243 F.3d at 254. Thus, where neither expert reports provides foundation for the qualifications of the expert or his opinions, this court should exclude both Defendants' proffered expert reports from evidence.

**B. Neither Drouillard's Nor Feltoon's Testimony is Based on Sufficient Facts or Data.**

Fed. R. Evid. 702 provides that, in order to be admissible, an expert's testimony must be "based upon sufficient facts or data." Moreover, under Fed. R. Evid. 703, courts have held that if the "underlying data are so lacking in probative force and reliability that no reasonable expert could base an opinion on them, an opinion which rests entirely upon them must be excluded." *Ellipsis, Inc. v. The Color Works, Inc.,* 428 F.Supp. 2d 752, 760 (W.D. Tenn. 2006) quoting *Mohney v. USA Hockey, Inc.,* 300 F.Supp.2d 556 (N.D. Ohio 2004).

Several courts have held that, where an expert relies on "speculation" or data that are flawed or unreliable, that expert's testimony is not admissible. *See Ellipsis, supra* (economic expert's testimony is inadmissible where the expert relied exclusively on data provided by Plaintiff, failed to verify website information regarding possible number of consumers for product, provided no sufficient basis for estimate regarding number of possible consumers, predicted growth in sales with no basis for assumption, and failed to analyze other facts that would affect the projection); *Coffey v. Dowley Mfg., Inc.,* 187 F. Supp. 2d 958, 979 (M.D. Tenn. 2002) *aff'd Coffey v. Dowley Mfg., Inc.,* 89 Fed. Appx. 927 (6th Cir. 2003) (expert's testimony held inadmissible where he relied on speculation, used inaccurate data, and failed to confirm his estimates).

Here, Defendants did not provide the proffered experts with all relevant information available in this case. Despite the fact that deposition testimony was available for Defendant Bomber, only some of his "emails" were produced to Dr. Feltoon and none were given to Dr. Drouillard. (ECF #140-8, Page ID No. 3487); (ECF #140-9, Page ID No. 3492). Additionally, Plaintiff has deposed at least two prison health care employees who had day to day knowledge of Plaintiff's conditions, Health Unit Manager Heather Cooper and Physician's Assistant Marianne McKissick. Neither transcript was supplied to the experts in making their opinions. In fact, only emails from Marianne McKissick, not her sworn testimony,

were produced. (ECF #140-8, Page ID No. 3487); (ECF #140-9, Page ID No. 3492).

Plaintiff is unaware of what "emails" were produced and asks the court to find the

proffered expert reports were not based on reliable facts and data and to exclude

them from evidence.

    iii.   <u>Drouillard's Testimony</u>

    In this case, Drouillard provides little more than a cursory overview of the

facts presented to him by the party on whose behalf he has been retained and a terse

description of his conclusions. Drouillard has relied almost completely and

exclusively on data and information provided by Defendants' counsel at their

request, without scrutiny or verification of the data or information, or even

independent verification of the accuracy of the data. Such inadequate data analysis

should be excluded.

    In a letter less than two pages long written to defense counsel, Drouillard

opines that Plaintiff does not require any other orthopedic care and he does not

require the requested treatments. (ECF # 140-8, Page ID. No. 3488). However, this

assumption is flawed in that this opinion is premised solely upon a review of the

medical records, depositions transcripts of only 1 of several defendants, Plaintiff's

second amended complaint, an order granting Corizon's motion for summary

judgment, and emails "produced by Corizon and" MDOC. (*Id*.) These conclusions,

from an individual who has evidenced no prior background, expertise, or

demonstrated experience in treating individuals with orthopedic medical needs, do not encompass any independent research for the treatment of orthopedic injuries or knowledge of the distinct nuances and difficulty of the complexities associated with the treatment of injuries. Drouillard simply relies on the briefing and documentation provided by Defendants, amounting to nothing more than mere "speculation" *See Ellipsis, supra.* Further, he has never personally evaluated Mr. Kensu.

As such, given that Drouillard has demonstrated at most only a general scientific understanding of the treatment of orthopedic injuries, has demonstrated no prior expertise regarding the treatment of injuries, and has not demonstrated a reliance on sufficient facts or data outside of that general understanding to establish his conclusions, Drouillard's testimony in regard to Corizon's treatment of Mr. Kensu's serious medical needs is insufficient pursuant to Fed. R. Evid. 702. As such, this Court should exclude Drouillard's testimony.

iv.    Feltoon's Testimony

In this case, Feltoon's expert report contains several pages of "background information" summarizing the information provided by Defendants on whose behalf he has been retained. Feltoon has relied almost completely and exclusively on data and information provided by Defendants' counsel at their request, without scrutiny or verification of the data or information, or even independent verification of the accuracy of the data. Such inadequate data analysis should be excluded.

In his one page "Statement of Opinions" Feltoon concludes that the "Corizon medical staff at all times practiced good medical care in accordance with accepted and well-established policies and procedures for the provision of medical care to inmates in jails." (ECF #140-9, Page ID No. 3496). However, Feltoon was not provided with the "policies and procedures" that direct medical care in the Michigan Department of Corrections and thus cannot make this generalized determination. (*Id.* at Page ID No. 3492). He has not described the "well-established policies and procedures" that merit his conclusion that "Corizon medical staff at all times practiced good medical care." Further, not only has he has never personally evaluated Mr. Kensu, he only viewed Mr. Kensu's medical records from March 2016 to September 2016 to reach his conclusions. These conclusions, from an individual who has evidenced no prior background, expertise, or demonstrated experience in treating individuals with orthopedic medical needs, do not encompass any independent research for the treatment of orthopedic injuries or knowledge of the distinct nuances and difficulty of the complexities associated with the treatment of injuries. Further, he has not viewed complete records to support his statement that adequate care was provided "at all times." Feltoon simply relies on the briefing and documentation provided by Defendants, amounting to nothing more than mere "speculation" See *Ellipsis, supra.*

In addition, Feltoon states in his report that the "medical care provided to [Plaintiff] has been without any evidence of bias or unsafe medical practices, nor is there any evidence of a concerted effort to withhold accepted medical care when indicated." However, Feltoon was not provided with the deposition testimony of Defendant Dr. Jeffrey Bomber, Health Unit Manager Heather Cooper or that of Physician's Assistant Marianne McKissick. Plaintiff's second amended complaint specifically includes both of these individuals in the relevant facts of retaliation and improper denial of necessary medical care. (*See* ECF #83, ¶¶ 16, 18, 60, 90, 94, 115-117, 119-125). All of these transcripts were available to Defendants at the time the report was authored. However, none were viewed by Dr. Feltoon in making his expert report and determination that there has been no bias in the medical care Plaintiff has received.

Given that Feltoon has failed to provide any underlying data sufficient to establish any probative force regarding the reliability of his testimony and that he did not view facts directly relevant to his opinions, this Court should hold that there "is simply too great an analytical gap between the data and the opinion proffered." *Nelson, supra.* Feltoon's report simply amounts to the *ipse dixit* of the expert, and as such, his testimony in regard to Corizon's treatment of Mr. Kensu's serious medical needs is insufficient pursuant to Fed. R. Evid. 702.

**C. Neither Drouillard's Nor Feltoon's Testimony is the Product of Reliable Principles and Methodology Reliably Applied to the Facts of this Case.**

Conclusions and methodology are often intertwined with regard to expert testimony. *G.E. v Joiner,* 522 U.S. 136, 118 S. Ct. 512, 139 L. Ed. 2d 508 (1997). However, there may not be an analytic gap between the data or facts the expert relies upon and the opinion proffered. *Nelson, supra.*

*Nelson* involved allegations of injury due to environmental exposure to PCB's. The Court noted that in determining the scientific validity of the expert's methodology, the reviewing magistrate judge focused heavily upon the expert's failure to account for "confounding factors" that could have caused similar symptoms, failure to establish a temporal relationship between exposure to PCBs and the injuries and failure to demonstrate that the Plaintiffs received doses of PCBs sufficient to make them ill. In explaining the idea of confounding factors, the Court cited the Reference Manual on Scientific Evidence, noting:

> "Before any inferences are drawn about causation, the possibility of other reasons for the association must be examined, including chance, biases such as selection or informational bias, and confounding causes."

Expert testimony that is connected to existing data only by the *ipse dixit* of the expert is not required to be admitted. *Nelson* at 254.

The court must not take the witness only at his word but rather conduct an examination of both the sufficiency of the basis of the testimony and a specific

application of scientific or reliable methods to the facts to ensure the reliability of the testimony. *Lake Michigan Contractors, Inc. v Manitowoc Company,* 225 F. Supp. 2d. 791, 798 (W.D. Mich. 2002).

Here, Defendants' proffered experts have not provided any information whatsoever regarding "the principles and methodology" underlying their opinions. *Pride v. BIC Corp.*, 218 F.3d 566, 577 (6th Cir. 2000). Defendants' make several conclusory opinions and statements that are unsupported by any medical standards or methods of analysis. The expert reports merely recite the "facts" they were given by Defendants and conclude that Defendants actions were proper. Feltoon concludes that "Corizon medical staff at all times practiced good medical care." (ECF #140-9, Page ID. No. 3496). Drouillard "do[es] not believe [Plaintiff] requires any other orthopedic care." (ECF #140-8, Page ID. No. 3488). Where the expert reports don't provide any principles or methodology to guide the expert opinions whatsoever, there is no reliable foundation for the testimony and it should be excluded from evidence. Neither expert report describes how either expert came to their conclusions or what medical principles were relied on.

Here, the Court must not take Defendants proffered experts only at their word, but rather conduct an examination of both the sufficiency of the basis of the testimony and a specific application of scientific or reliable method to the facts to ensure the reliability of the testimony. *Lake Michigan Contractors, Inc.,* at 798. As

both reports have failed to provide the Court with any evidence relating to the application of scientific or reliable methods to the facts of the case in order to establish how the conclusions were reached, both proffered reports are deficient pursuant to Fed. R. Evid. 702. Thus, where neither report is the product of reliable principles and methodology reliably applied to the facts of this case, the Court should exclude both Drouillard and Feltoon's testimony pursuant to Fed. R. Evid. 702.

## CONCLUSION

WHEREFORE, for the reasons stated above, Plaintiff respectfully requests that this Honorable Court exclude any opinion testimony from Defendants' proffered experts, Paul J. Drouillard, D.O., and Arnold Feltoon, M.D., from evidence and from consideration by the trier of fact for Defendants' motion for summary judgment.

Respectfully Submitted,

Dated: December 6, 2018

/S/ Keith Altman
Keith Altman (P81702)
*Attorney for Plaintiff*
26700 Lasher Rd., Suite 401
Southfield, MI  48033
(516) 456-5885
kaltman@excololaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 6th day of December 2018, I served all opposing counsel with a copy of the foregoing document, by filing same with the Clerk of Court using the CM/ECF system which will send notification of such filing electronically to all counsel of record.


<u>*/s/ Keith Altman*</u>
Keith Altman