UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TEMUJIN KENSU,

    Plaintiff,                                Civil Case No. 16-13505
                                                      Linda V. Parker

v.

WILLIAM BORGERDING, et al.,

    Defendants.
_____/

# OPINION AND ORDER

Plaintiff Temujin Kensu, a Michigan Department of Corrections ("MDOC") prisoner, filed this civil rights action pursuant 42 U.S.C. § 1983 against multiple MDOC officials and Corizon health care professionals. In a Second Amended Complaint filed October 9, 2017, Mr. Kensu asserts the following claims:

    (I) First Amendment retaliation based on post-verdict denial of medical care;

    (II) Eighth Amendment deliberate indifference;

    (III) Violations of the Religious Land Use and Institutionalized Persons Act ("RLUIPA") based on the denial of natural health supplements;

    (IV) Violations of the Dietary Supplement Health and Education Act ("DSHEA") based on the denial of natural health supplements;

    (V) Fourteenth Amendment denial of access to courts;

(VI) First Amendment religious discrimination based on the denial of religious property;

(VII) First Amendment retaliation based on the denial of personal property;

(VIII) First Amendment retaliation based on the issuance of thirty-three tickets;

(IX) Fourteenth Amendment due process violation based on the denial of a fair hearing and the ability to appeal the tickets;

(X) RLUIPA violations based on the deprivation of his religious property;

(XI) Fourteenth Amendment deprivation based on the removal of his property without due process;

(XII) Eight Amendment deliberate indifference based on the conditions forced upon Plaintiff for one night; and,

(XIII) Conspiracy to commit the above violations of Plaintiff's rights.

(ECF No. 83.) Defendants have filed motions for summary judgment with respect all of Plaintiff's claims except Counts III, VI-VIII, X, and XII. (ECF Nos. 138, 140.)

This Court has referred the matter to Magistrate Judge Stephanie Dawkins for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Davis held a hearing with respect to Defendants' summary judgment motions on April 25, 2019. On August 20, 2019, she issued a Report and

2

Recommendation ("R&R") recommending that the Court grant the MDOC defendants' motion and grant in part and deny in part the Corizon defendants' motion. (ECF No. 180.)

Specifically, Magistrate Judge Davis concludes that Defendants are entitled to summary judgment with respect to all of Plaintiff's claims, except those for which summary judgment was not sought, *see supra*, and Plaintiff's claim that Defendants Robert Lacy, D.O. and Jeffrey Bomber, D.O. were deliberately indifferent to his shoulder condition. At the conclusion of the R&R, Magistrate Judge Davis informs the parties that they must file any objections to the R&R within fourteen days. She warns the parties that the "[f]ailure to file specific objects constitutes a waiver of any further right of appeal."

Timely objections were filed by Plaintiff (ECF No. 182) and Drs. Lacy and Bomber (ECF No. 183). Plaintiff filed a response to Drs. Lacy and Bomber's objections on September 17, 2019. (ECF No. 184.) On the same date, Drs. Lacy and Bomber responded to Plaintiff's objections. (ECF No. 185.)

### **Standard of Review**

When objections are filed to a magistrate judge's report and recommendation on a dispositive matter, the court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The court,

3

however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the report and recommendation waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

## Plaintiff's Objections

### No. 1- Evidentiary Ruling

Mr. Kensu first objects to Magistrate Judge Davis' determination that certain statements within his affidavit are inadmissible hearsay, not properly considered under Federal Rule of Civil Procedure 56(e). Magistrate Judge Davis concluded that Mr. Kensu's assertions of what certain non-party MDOC and Corizon employees told him do not fall within any hearsay exception. Mr. Kensu contends that the statements are admissible under Federal Rule of Evidence 801(d)(2)(D).

Pursuant to Rule 801(d)(2)(D), a statement is not hearsay if it "is offered against an opposing party and … was made by the party's agent or employee on a matter within the scope of that relationship and while it existed[.]" Fed. R. Evid. 801(d)(2)(D). Mr. Kensu fails to demonstrate that the statements allegedly made

4

by these non-parties were matters within the scope of the individual's employment—a requirement this Court does not believe can be satisfied. Moreover, here we have *Mr. Kensu's statements* of what non-party MDOC and Corizon employees allegedly told him. Notably, while these employees were deposed in this matter (*see* ECF Nos. 150-7 to 150-9, 150-12.), Mr. Kensu does not offer any direct statement from them. He fails to identify any hearsay exception allowing *his* statement of what he was told.

For these reasons, the Court rejects Mr. Kensu's objection to Magistrate Judge Davis' evidentiary ruling.

## No. 2- Disputed Questions of Fact

Mr. Kensu next contends that Magistrate Judge Davis erred by resolving disputed questions of material fact when interpreting an email chain between some of the defendants concerning Mr. Kensu's request for special accommodations. Mr. Kensu interprets the emails as reflecting Defendants' conspiracy to deprive him of medical care. The email communications apparently followed Mr. Kensu's April 11, 2016 filing of a motion for equitable relief, in which he requested a host of medical treatments, examinations and accommodations, after prevailing at trial in *Kensu v. Stieve*, No. 13-10279 (E.D. Mich. filed Jan. 22, 2013) (hereafter *Kensu*

*I*).[1]  On April 19, 2016, Mr. Kensu also wrote MDOC Acting Chief Medical Officer, William Borgerding, M.D., requesting certain medical treatments, examinations, and accommodations.  (ECF No. 74-3 at Pg ID 826.)

Magistrate Judge Davis found that a reasonable jury could conclude from the email chain that Defendant Lia Gulick, the Health Service Administrator, encouraged or implicitly authorized, approved, or knowingly acquiesced in the denial of Mr. Kensu's requests.  (ECF No. 180 at Pg ID 8155.)  Later, however, Magistrate Judge Davis concluded that this did not necessarily mean Ms. Gulick was deliberately indifferent to Mr. Kensu's serious medical needs, reasoning:

> Her [Ms. Gulick's] involvement in the email chain on Kensu's requested accommodations, as discussed above, is somewhat ambiguous as to whether it was her goal to have the requests denied. But, it is clear that Gulick was not in a position to make medical decisions herself, as she was not a medical professional. … And, there is no reason to assume that when she directed Dr. Lacey to meet with Kensu and address his requests, she appreciated a risk of harm to Kensu from the denial of a particular medical procedure or medication/supplement.  There is no evidence that she reviewed Kensu's medical records, that she was aware of his health care and health issues except for his requests for special accommodations, or that she was acting in any way other than in her role as an administrator in health care.

(ECF No. 180 at Pg ID 8187.)

---

[1] Judge Roberts denied the motion, concluding that the court was not "qualified to make decisions regarding necessary medical treatment."  Order at 16, *Kensu v. Stieve*, No. 13-10279 (E.D. Mich. filed Nov. 1, 2016), ECF No. 172 at Pg ID 2583.

In his objections, Mr. Kensu asserts that Magistrate Judge Davis' interpretation is contrary to the record. Citing various documents, Mr. Kensu asserts that Ms. Gulick in fact reviewed his medical records and was aware of his health care and health issues. The documents he cites, however, do not support his assertions. Without evidence that Ms. Gulick was aware of Mr. Kensu's alleged serious medical needs, a jury could not find the subjective prong of his deliberate indifference claim against her satisfied.

Mr. Kensu also objects to Magistrate Judge Davis' interpretation of the email chain with respect to Dr. Borgerding. Magistrate Judge Davis found that the email chain reflected only his administrative involvement—that is, to request that someone personally see Mr. Kensu, assess him for the requests on his list, and properly document in the medical record whether the requests would be granted and why or why not. (*Id*. at Pg ID 8159.) The Court agrees with Magistrate Judge Davis that this is the only interpretation a jury reasonably could make.

For these reasons, the Court also rejects Plaintiff's second objection to the R&R.

### No. 3- Supervisory Liability Claims

Mr. Kensu contends that Magistrate Judge Davis failed to apply the proper standard for evaluating his supervisory liability claims, specifically, the standard set forth in *Taylor v. Michigan Department of Corrections*, 69 F.3d 76 (6th Cir.

1995). This objection is frivolous, as Magistrate Judge Davis in fact cited *Taylor* and addressed whether Mr. Kensu alleged facts to show that Defendants "participated in, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability." (ECF No. 180 at 8151-52.) While Mr. Kensu goes on to argue that the record in fact is "replete with examples where Defendants …at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending subordinates" (ECF No. 182 at Pg ID 8238), most of the examples he then cites constitute inadmissible hearsay, the email chain, or references to Defendants knowledge of "medical issues" or "nontreatment" without specifics.

The Court therefore finds no error in Magistrate Judge Davis' analysis of Mr. Kensu's supervisory liability claims.

### No. 4- Deliberate Indifference

Mr. Kensu takes issues with Magistrate Judge Davis' evaluation of his deliberate indifference claims as they relate to his prostate disease, lung disease, spinal disease, ankle problems, hearing loss and Mastoiditis, heat sensitivity, brain tumor, severe combined immunodeficiency ("SCID"), denervation, and shoulder problems. Mr. Kensu asserts that Magistrate Judge Davis "confusingly omits the applicable standard for objective serious medical need" and he finds her "analysis

8

…somewhat perplexing." This Court strongly disagrees with Mr. Kensu's description of Magistrate Judge Davis' R&R.

Magistrate Judge Davis has comprehensively and accurately set forth the law relevant to Mr. Kensu's deliberate indifference claims (as well as the remainder of his claims). Moreover, Magistrate Judge Davis focused on the correct relevant period when analyzing Mr. Kensu's claims, despite the fact that he frequently recited and relied on events that occurred well beyond the relevant time frame. For the reasons set forth in Magistrate Judge Davis' well-written R&R, the Court agrees that Mr. Kensu failed to satisfy the objective and/or subjective elements of his claims.

## No. 5- First Amendment Retaliation

Mr. Kensu argues that Magistrate Judge Davis erred in finding that he failed to establish the necessary causal connection between his protective conduct and Defendants' decision to deny his requested special accommodations. He claims the magistrate judge improperly construed the email chain which reflected Defendants' conspiracy to retaliate against him and focused on the wrong events when determining the period between his protected conduct and the adverse action against him.

This Court already has addressed Mr. Kensu's claims of error regarding Magistrate Judge Davis' analysis of the email chain. With respect to his temporal

9

proximity argument, even if the period is deemed to be shorter, this Court does not believe that this is a case where temporal proximity alone is sufficient to establish the necessary causal connection. *See Nguyen v. City of Cleveland*, 229 F.3d 559, 567 (6th Cir. 2000) (acknowledging that "there may be circumstances where evidence of temporal proximity alone would be sufficient to support [the causal connection]," but finding the circumstances not presented in the case before the court). First, MDOC officials and Corizon health care professionals were aware of Mr. Kensu's protected conduct well before the jury reached a verdict in *Kensu I*. Further, according to Mr. Kensu, prison officials and health care providers have been denying him necessary medications and treatments for his serious medical needs for years and well before the March 2016 verdict. As such, one cannot infer that the denial of his requested special accommodations was in retaliation for bringing *Kensu I*.

For these reasons, the Court rejects Mr. Kensu's fifth objection.

### No. 6- Conspiracy

Mr. Kensu contends that Magistrate Judge Davis erred in finding his conspiracy allegations insufficient in light of the email chain between Defendants and his Complaint, which he maintains is "replete with allegations supporting [the claim]." As already discussed, the Court agrees with Magistrate Judge Davis that a reasonable jury could not interpret the email chain to provide the proof Mr. Kensu

10

asserts it offers. Mr. Kensu does not identify the specific allegations he believes are replete in the Complaint to demonstrate a single plan or general conspiratorial objective.

The Court, therefore, rejects Mr. Kensu's sixth objection to the R&R.

### **Drs. Lacy and Bomber's Objections**

As described earlier, Magistrate Judge Davis recommends that this Court grant summary judgment to Defendants on all Mr. Kensu's claims except the six claims not addressed in their summary judgment motions and his claim that Drs. Lacy and Bomber were deliberately indifferent to his shoulder problems. As to the latter claim, Magistrate Judge Davis reasoned that because the jury in *Kensu I* found the defendants deliberately indifferent to Mr. Kensu's shoulder problems— an assertion made by Mr. Kensu in his briefs (*see, e.g.*, ECF No. 152 at Pg ID 6371-72)—and those problems and the treatment he was receiving had not changed since that time, a reasonable jury could conclude that continuing the same treatment amounted to insufficient care in this case. (ECF No. 180 at Pg ID 8185.) In their objections to the R&R, Drs. Lacy and Bomber contend that the magistrate judge erred in interpreting and applying the March 2016 jury verdict. Specifically, they maintain that there never was an express finding by the jury in *Kensu I* that any defendant was deliberately indifferent to Mr. Kensu's shoulder problems and, more relevantly, them.

11

In *Kensu I*, Mr. Kensu sued various MDOC officials and Corizon health care professionals for deliberate indifference to a number of maladies, including shoulder problems, "a host of spinal and joint injuries, disease, and degeneration." *See* Compl. ¶ 33, *Kensu v. Stieve*, No. 13-10279 (E.D. Mich. filed Jan. 22, 2013), ECF No. 1. As to his spinal and joint injuries, Mr. Kensu listed: "serous and advancing spinal disease, including spondylitis, spondylosis, spondylosthesis, Schmorl nodes, disk degeneration, compression and joint space narrowing, past fractures, bulging disks, spinal stenosis and straightening of the lumbar lordis—so much so that it even affects Plaintiff's urination." *Id.* ¶ 42.

The Honorable Victoria A. Roberts granted summary judgment to the Corizon defendants[2] in *Kensu I*, finding that a reasonable jury could not conclude that they "disregarded an excessive risk to [Mr. Kensu's] health or safety." Order at 10, *id.* (filed Sept. 2, 2015), ECF No. 114 at Pg ID 1419. Judge Roberts concluded that "[Mr. Kensu] was seen regularly by medical staff[,]" that the health care professionals "prescribed what they felt were appropriate medications[,]" and that Mr. Kensu failed to show that the health care defendants "disregarded an excessive risk to his health or safety." *Id.* Specifically addressing Mr. Kensu's shoulder problems, Judge Roberts wrote:

---

[2] There were four Corizon defendants in *Kensu I*: Howard Tyree, P.A.; Dr. Bomber; Ramesh Kilaru, M.D.; and, Joshua Buskirk, P.A. Mr. Kensu did not name Dr. Lacy as a defendant in that case.

12

> Based on the record before the Court, a juror could not reasonably find that Buskirk knew of and disregarded an excessive risk to Kensu's health or safety. Buskirk saw Kensu regularly and determined that there was no new symptoms. He concurred with previous doctors. Similarly, Bomber had very limited contact with Kensu; he discussed Kensu's back and shoulder pain with Buskirk and prescribed what they felt were appropriate medications.

*Id.* The case proceeded to trial against the MDOC defendants, who were Jeffrey C. Stieve, M.D., Susan McCauley, Mary Zamora, Charles Turner, William Borgerding, M.D., Warden Lloyd Rapelje, Russell Vittitow, and Jeannie Stephenson.[3]

On March 28, 2016, after a five-day trial, a jury concluded that all but defendants Turner, Vittitow, and Stephenson were deliberately indifferent to Plaintiff's serious medical needs. Jury Verdict Form, *id.* (filed Mar. 29, 2016), ECF No. 139. The jury was charged with evaluating all of the elements of Mr. Kensu's deliberate indifference claim. *See* Mar. 28, 2016 Tr. at 38-39, *id.* (filed May 25, 2016), ECF No. 158 at Pg ID 2403-04. Nevertheless, the verdict form did not require the jury to identify which of Mr. Kensu's medical needs they found to be "serious" or to which of his medical needs the defendants were deliberately indifferent. *Id.*

---

[3] Significantly, while the MDOC defendants filed a "motion for summary judgment," they failed to inform the court of how any attached evidence supported their motion. *See* Order at 2, *Kensu v. Stieve*, No. 13-10279 (E.D. Mich. Sept. 11, 2015), ECF No. 116 at Pg ID 1424. Judge Roberts therefore reviewed the motion only as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(c). *Id.*

13

Mr. Kensu therefore mischaracterized the jury's verdict when asserting that "a jury has already found that [he] was unreasonably denied treatment for his shoulder in violation of his Eighth Amendment rights." (ECF No. 152 at Pg ID 6371-72.) In fact, not only is there no indication as to whether the jury found this to be a serious medical condition to which any prison officials and health care professional has been deliberately indifferent, but Judge Roberts in *Kensu I* specifically held that a reasonable jury *could not find* the Corizon defendants (which included Dr. Bomber) deliberately indifferent to Mr. Kensu's shoulder problems. Order at 10, *Kensu v. Stieve*, No. 13-10279 (E.D. Mich. filed Sept. 5, 2015), ECF No. 114 at Pg ID 1419.

Notwithstanding the verdict rendered in the first jury trial on March 28, 2016, the Court finds that Plaintiff's deliberate indifference shoulder claim covers conduct *following* the verdict and up until the filing of the Second Amended Complaint on October 9, 2017. In August of 2016, Plaintiff presented to healthcare complaining of heat sickness at which time the doctor notes his additional complaints of shoulder pain and general musculoskeletal pain. Magistrate Judge Davis notes that the treatment plan was for Kensu to taking the pain medication Naprosyn and to use a hot water bottle on the affected areas. However, Plaintiff claims, and Defendants Lacy and Bomber do not refute, that his Naprosyn and hot water bottle were taken from him during the *present* litigation. The Defendants

have offered no evidence that there was either no longer a medical need for the hot water bottle and pain medication or that Mr. Kensu was provided some alternative form of treatment. The Court finds that this is not a relitigation of one of the claims that were before the Honorable Victoria Roberts.

Accordingly, the Court agrees that there is a question of material fact as to whether the referenced treatment was so minimal that it amounted to no treatment at all. Thus, a reasonable jury could find that the treatment offered to Mr. Kensu, and then taken away, amounted to insufficient care in this matter. For these reasons, the Court denies summary judgment with respect to Drs Lacy and Bomber.

## Conclusion

For the reasons stated, the Court adopts Magistrate Judge Davis' August 20, 2019 R&R, Accordingly,

**IT IS ORDERED** that the MDOC Defendants' motion for summary judgment (ECF No. 138) is **GRANTED** and the Corizon Defendants' motion for summary judgment (ECF No. 140) is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that Defendants Corizon, Inc., and Eutrilla Taylor are **DISMISSED AS PARTIES** to this action.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: September 30, 2019