UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TEMUJIN KENSU,

    Plaintiff,

v.

WILLIAM BORGERDING, et al.,

    Defendants.
_____/

Civil Case No. 16-13505
Honorable Linda V. Parker

# OPINION AND ORDER REJECTING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S JUNE 21, 2019 ORDER AND AFFIRMING ORDER

Plaintiff Temujin Kensu, a Michigan Department of Corrections prisoner, filed this civil rights action pursuant 42 U.S.C. § 1983 against multiple prison officials and Corizon health care professionals. The matter was referred to Magistrate Judge Stephanie Dawkins Davis for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 30.)

On December 6, 2018, Plaintiff filed a motion to exclude the testimony of two experts offered by Defendants Jeffrey Bomber, D.O., and Robert Lacy, D.O: Paul J. Drouillard, D.O., and Arnold Feltoon, M.D. (ECF No. 149.) After the motion was fully briefed and a hearing was held, Magistrate Judge Davis issued a

decision on June 21, 2019, granting in part and denying in part Plaintiff's motion. (ECF No. 175.) Specifically, Magistrate Judge Davis limited Dr. Feltoon's testimony to Plaintiff's medical care from March to September 2016, but otherwise concluded that the experts should be allowed to testify.[1]

At the conclusion of the decision, Magistrate Judge Davis informs the parties that they must file any objections within fourteen days. Plaintiff filed objections on July 5, 2019. (ECF No. 177.) Drs. Bomber and Lacy filed a response to Plaintiff's objections on July 17, 2019. (ECF No. 178.)

### **Standard of Review**

When a party objects to a magistrate judge's non-dispositive decision, the reviewing court must affirm the magistrate judge's ruling unless the objecting party demonstrates that it is "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The "clearly erroneous" standard does not empower a reviewing court to reverse a magistrate judge's finding because it would have decided the matter differently. *See, e.g., Anderson v. Bessemer City, N.C.*, 470 U.S. 564, 573-74 (1985). Instead, the "clearly erroneous" standard is met when despite the existence of evidence to support the finding, the court, upon reviewing the record in its entirety, "is left with the definite and firm conviction

---

[1] Magistrate Judge Davis restricted the scope of Dr. Feltoon's testimony because he only reviewed Plaintiff's medical records for this period.

2

that a mistake has been committed." *Id*. (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

## **Plaintiff's Objection & Analysis**

Plaintiff argues that Magistrate Judge Davis erroneously concluded that Drs. Drouillard's and Feltoon's reports satisfy the requirements of Federal Rule of Civil Procedure 26 and Federal Rule of Evidence 702. Plaintiff argues that, contrary to Magistrate Judge Davis' finding, neither report contains an explanation of the basis of the doctor's opinions, nor the reasons for them as required under Rule 26(a)(2)(B)(i). This Court finds no error in Magistrate Judge Davis' analysis.

As Magistrate Judge Davis explains in her decision, expert testimony like that at issue here may appropriately be premised solely on the expert's experience—whether alone or in combination with the expert's knowledge, skill, training, and/or education. Plaintiff no longer contests Drs. Drouillard's or Feltoon's qualifications (*see* ECF No. 175 at Pg ID 8089 n.1), and their CVs outline the basis of their knowledge, skill, training, and education. This Court believes that it can be presumed that the doctors are stating their opinion about the proper treatment for Plaintiff's ailments based on this knowledge, skill, training, and education. For the opinions these doctors are offering, it is unnecessary for this to be expressly stated in the report.

For these reasons, the Court rejects Plaintiff's objection to Magistrate Judge Davis' June 21, 2019 decision and the decision is **AFFIRMED**.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: October 29, 2019