UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TEMUJIN KENSU,

                Plaintiff,                               Civil Case No. 16-13505
                                                        Honorable Linda V. Parker

v.

WILLIAM BORGERDING, et al.,

                Defendants.

_____/

## OPINION AND ORDER

Plaintiff Temujin Kensu, a Michigan Department of Corrections ("MDOC") prisoner, filed this civil rights action pursuant 42 U.S.C. § 1983 against multiple MDOC officials and Corizon health care professionals. In a Second Amended Complaint filed October 9, 2017, Mr. Kensu asserted thirteen claims. Due to the Court's ruling on summary judgment motions filed by Defendants, the following seven claims remain pending:[1]

- Eighth Amendment deliberate indifference to Plaintiff's shoulder condition against Defendants Robert Lacy, D.O. and Jeffrey Bomber, D.O.;

- Violations of the Religious Land Use and Institutionalized Persons Act ("RLUIPA") based on the denial of natural health supplements;

---

[1] All of the remaining claims, except Plaintiff's Eighth Amendment deliberate indifference claim, are against the MDOC Defendants, only. They recently filed a second motion for summary judgment, which remains pending before the Court.

- First Amendment religious discrimination based on the denial of religious property;

- First Amendment retaliation based on the denial of personal property;

- First Amendment retaliation based on the issuance of thirty-three tickets;

- RLUIPA violations based on the deprivation of his religious property; and,

- Eighth Amendment deliberate indifference based on the conditions forced upon Plaintiff for one night.

(ECF No. 83.)

The matter is presently before the Court on three motions *in limine* filed by

Defendants Bomber and Lacy;

- Motion *in Limine* to Clearly Define the Time Period and Issues to be Litigated (ECF No. 214);

- Motion *in Limine* to Prevent Plaintiff and/or His Counsel from Raising Any of the Following Issues Claims in the Presence of the Jury (ECF No. 215); and,

- Motion *in Limine* to Preclude Plaintiff and/or His Counsel from Raising Any Issues Before the Jury Related to the Prior Lawsuit (ECF No. 216).

The MDOC Defendants filed a notice indicating that they join and concur in the

motions.  (ECF No. 217.)  Plaintiff filed a single response to all three motions

2

(ECF No. 218), and Defendants Bomber and Lacy filed a single reply brief (ECF No. 219.)

**Standard of Review & Elements of Plaintiff's Deliberate Indifference Claim**

District courts have broad discretion over matters involving the admissibility of evidence at trial. *United States v. Seago*, 930 F.2d 482, 494 (6th Cir. 1991). "Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984). "A ruling on a motion is no more than a preliminary, or advisory opinion that falls entirely within the discretion of the district court." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994). A court may therefore alter its ruling during trial. *Luce*, 469 U.S. at 41-42. Motions *in limine* may promote "evenhanded and expeditious management of trials by eliminating evidence that is clearly inadmissible for any purpose." *Indiana Ins. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004) (citing *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997)).

"Irrelevant evidence is not admissible." Fed. R. Evid. 402. Under the Federal Rules of Evidence, "[e]vidence is relevant . . . if it has any tendency to make a fact more or less probable than it would be without the evidence; and . . . the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant

evidence may be excluded  "if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.

A viable Eighth Amendment claim has two components, one objective and the other subjective.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2002).  Under the objective component, "the plaintiff must allege that the medical need at issue is 'sufficiently serious.'"  *Farmer*, 511 U.S. at 834.  A plaintiff can demonstrate that a medical need is sufficiently serious by showing that it is "'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'"  *Baynes v. Cleland*, 799 F.3d 600 (6th Cir. 2005) (quoting *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008)); *see also, Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 897 (6th Cir. 2004).

The subjective component requires that the defendant act with deliberate indifference to an inmate's health or safety.  *Farmer*, 511 U.S. at 834.  Deliberate indifference "entails something more than mere negligence,"  *Farmer*, 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result[,]" *id*.  To establish the subjective component, "the plaintiff must allege facts which, if true,

4

would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded the risk." *Id*. at 837.  In other words, this prong is satisfied when a prison official acts with criminal recklessness, i.e., when he or she "consciously disregard[s] a substantial risk of serious harm." *Brooks v. Celeste*, 39 F.3d 125, 128 (6th Cir. 1994) (citing *Farmer*, 511 U.S. at 839-40).

A plaintiff may rely on circumstantial evidence to prove subjective recklessness: A jury is entitled to "conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Farmer*, 511 U.S. at 842.  And if a risk is well-documented and circumstances suggest that the official has been exposed to information so that he must have known of the risk, the evidence is sufficient for a jury to find that the official had knowledge.  *Id*. at 842-43.  "But the plaintiff also must present enough evidence from which a jury could conclude that each defendant 'so recklessly ignored the risk that he was deliberately indifferent to it.'"  *Rhinehart v. Scutt*, 894 F.3d 721, 738 (6th Cir. 2018) (quoting *Cairelli v. Vakilian*, 80 Fed. Appx. 979, 983 (6th Cir. 2003)).

### Time Period and Issues to be Litigated (ECF No. 214)
### 2013 Lawsuit & Verdict (ECF No. 216)

Defendants Lacy and Bomber seek to limit the evidence introduced at trial to events between March 28, 2016 and October 9, 2017, asserting that Magistrate Judge Davis defined this as the relevant period in her report and recommendation

5

relative to the previously decided summary judgment motions.  Based on the same decision, Defendants Lacy and Bomber seek to also limit the issue to Plaintiff's shoulder and the removal of a detail for a hot water bottle and Naprosyn.  Plaintiff argues that evidence predating March 28, 2016 is relevant to whether his shoulder problems constitute an objectively serious medical risk and whether Defendants Lacy and Bomber were subjectively aware of and deliberately indifferent to that risk.  Plaintiff also argues that evidence of his multiple other medical conditions reflects that he suffers from musculoskeletal issues, making it more probable that he suffers from a shoulder problem.  He maintains that evidence of the treatment he has received—or, rather, not received—for his medical conditions offers proof of the deliberate indifference to his shoulder condition.

As the Court has granted summary judgment to Defendants Lacy and Bomber on Plaintiff's retaliation claim, which is premised primarily on the March 2016 jury verdict, evidence about that litigation is not relevant.[2]  The fact that a jury almost five years ago found that Plaintiff suffered from a serious shoulder injury and that individuals other than Defendants Lacy and Bomber were deliberately indifferent to this serious medical risk does not establish that Plaintiff

_____

[2] Plaintiff's retaliation claims against the MDOC Defendants remain and those claims are based, at least in part, on Plaintiff's prior litigation.  If those claims proceed to trial, Plaintiff will need to present evidence of those lawsuits.  How much information Plaintiff needs to and should be allowed to present, however, will be discussed between the Court and counsel prior to trial.

had an objectively serious medical risk when Defendants Lacy and Bomber subsequently made decisions with respect to his medical care or that they were deliberately indifferent to that risk.

True, if Defendants Lacy and Bomber were aware of the jury's verdict, they probably also learned of the jury's finding that Plaintiff suffered a serious shoulder condition. Nevertheless, there is too great a risk that Drs. Lacy and Bomber will be prejudiced by evidence of the 2016 verdict, particularly where neither of them were defendants with respect to the deliberate indifference claim pertaining to Plaintiff's shoulder when the 2013 litigation went to trial.[3] Also, the evidence is likely to confuse the jury. Plaintiff can make the same showing through other evidence (e.g., his medical records and Defendant Bomber and Lacy's awareness of their contents).

Plaintiff's medical history *as it relates to his shoulder* is relevant and admissible to the issue of whether he suffers from a serious medical condition, although Plaintiff will need to show that the condition existed when he was treated by Defendants Lacy and Bomber. Moreover, to the extent Plaintiff can show that

---

[3] Lacy was not a defendant in the 2013 litigation. Bomber was a defendant. However, on summary judgment, the court found that Bomber had limited contact with Plaintiff and while he discussed Plaintiff's back and shoulder pain with another medical provider, he and that medical provider "prescribed what they felt were appropriate medications." Order at 10, *Kensu v. Buskirk, et al.*, No. 13-cv-10279 (E.D. Mich. Sept. 2, 2015), ECF No. 114 at Pg ID 1420.

Defendants Lacy and Bomber were aware of this medical evidence, it is relevant to the subjective component of Plaintiff's claim against them.  As such, Plaintiff may introduce evidence about *this condition* that predates March 28, 2016.

The issue of whether these defendants were deliberately indifferent to Plaintiff's shoulder problem is not restricted to the issue of whether they acted with deliberate indifference when taking away his hot water bottle and Naprosyn prescription.  Instead, the question is whether the treatment they provided *for this condition*—or failed to provide—constituted deliberate indifference.  As the only deliberate indifference claim remaining to be tried relates to Plaintiff's shoulder, evidence of his other medical ailments are irrelevant.[4]

Plaintiff maintains that the quality of the treatment he is receiving for his many medical conditions is probative of the quality of medical treatment Defendants Lacy and Bomber have provided for his shoulder.  Such an argument seeks to hold Defendants Lacy and Bomber liable for the conduct of others, however.  Under 42 U.S.C. § 1983, each defendant is liable only for his or her individual actions and the plaintiff must prove that each individual defendant had a

---

[4] If Plaintiff can show that his shoulder problems are related to a general musculoskeletal issue (i.e., that there is a common cause), the Court will consider allowing him to introduce limited evidence of these other problems.  The evidence presented previously, however, reflects that Plaintiff's shoulder problems arose from an injury in 1998 and then a re-injury in 2009.  (*See* R&R at 39, ECF No. 180 at Pg ID 8182.)

sufficiently culpable state of mind.  *See Phillips v. Roane Cnty., Tenn.*, 534 F.3d

531, 542 (6th Cir. 2008).  The jury is likely to be confused by this extraneous

evidence—analyzing the medical providers' conduct and intent collectively.  Any

probative value is outweighed by the danger of unfair prejudice and the time that

would be wasted presenting evidence about other medical conditions addressed by

other medical providers.

      In short, with the exception of the 2013 litigation and March 2016 jury

verdict, Plaintiff may introduce evidence predating March 2016 and relative to

treatment beyond a hot water bottle and Naprosyn.[5]  However, the evidence shall

be limited to the medical condition remaining to be tried.

### Precluding Certain Issues and Claims from Being Presented to the Jury (ECF No. 215)

      Defendants Lacy and Bomber ask the Court to preclude Plaintiff and/or

Plaintiff's counsel from raising issues in the jury's presence pertaining to other

claims asserted by Plaintiff that have been or are being litigated.  To date, Plaintiff,

through counsel, has filed at least six lawsuits against MDOC and Corizon

defendants alleging violative behavior concerning his medical ailments.  Plaintiff

argues that his litigation and the treatment he has received for his medical

conditions are relevant to demonstrate the subjective component of his Eighth

---

[5] As discussed *infra*, Plaintiff also is precluded from offering evidence of any other litigation.

Amendment claim against Defendants Lacy and Bomber.  As Plaintiff elaborates on this argument, however, it becomes clear that he seeks to use this evidence to show that Defendants Lacy and Bomber's medical decisions were in retaliation for his prior litigation.  (*See, e.g.*, Resp. at 8-9, ECF No. 218 at Pg ID 8611-12.)  The Court has granted summary judgment to Defendants Lacy and Bomber on Plaintiff's retaliation claim, however.  Evidence concerning Plaintiff's prior or ongoing litigation is not otherwise relevant, would be unduly prejudicial, and is likely to confuse the jury.

Therefore, Plaintiff is precluded from presenting evidence concerning claims litigated elsewhere.

## Conclusion

For the reasons discussed above, Defendants' Motion *in Limine* to Clearly Define the Time Period and Issues to be Litigated (ECF No. 214) is **GRANTED IN PART AND DENIED IN PART** and Defendants' remaining motions *in limine* **ARE GRANTED**.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA  V. PARKER
U.S. DISTRICT JUDGE

Dated: February 9, 2021

10