UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TEMUJIN KENSU,

       Plaintiff,

                                          Civil Case No. 16-13505

v.                                    Honorable Linda V. Parker

WILLIAM BORGERDING, M.D., et al.,

       Defendants.
_____/

**OPINION AND ORDER GRANTING MOTION FOR LEAVE TO FILE SECOND MOTION FOR SUMMARY JUDGMENT (ECF NO. 235)**

Plaintiff, a Michigan Department of Corrections ("MDOC") prisoner, filed this civil rights action under 42 U.S.C. § 1983 against 18 MDOC employees ("MDOC Defendants") and two employees of Corizon, Inc. ("Corizon Defendants"). In a Second Amended Complaint filed October 9, 2017, Plaintiff asserts thirteen claims, with the claims varying as to which defendant are named and the circumstances under which Plaintiff claims his First and/or Eighth Amendment rights were violated. This matter is presently before the Court on a May 19, 2022 motion to file a second motion for summary judgment on behalf of the Corizon Defendants. (ECF No. 235.) Plaintiff has not responded to the motion, although the time to do so has well passed.

On October 29, 2018, the Corizon Defendants filed a motion for summary judgment (ECF No. 140), which this Court subsequently granted in part and denied in part (ECF No. 187). The Court's decision left one deliberate indifference claim against the Corizon Defendants: Plaintiff's claim related to treatment of his shoulder problems between March 28, 2016 and October 9, 2017. (*Id.* at Pg ID 8400-01.) Claiming that they are entitled to summary judgment on this remaining claim based on the Sixth Circuit's subsequent decision in *Phillips v. Tangilag*, 14 F.4th 524 (2021), the Corizon Defendants seek leave to file a second summary judgment motion.

As set forth in Eastern District of Michigan Local Rule 7.1(b)(2), "a challenge to several counts of a complaint generally must be in a single motion" and "[a] party must obtain leave of court to file more than one motion for summary judgment." District courts nevertheless have the discretion to permit a successive motion for summary judgment. *Kovacevich v. Kent State Univ.*, 224 F.3d 806, 835 (6th Cir. 2000). A party should present "good reasons" in seeking to file a successive motion for summary judgment. *Whitford v. Boglino*, 63 F.3d 527, 530 (7th Cir. 1995). Courts have identified several "good reasons" for allowing a party to do so:

> A successive motion for summary judgment may be considered … under certain circumstances, *such as*: "'(1) an intervening change in controlling law; (2) the availability of new evidence or an expanded factual

record; and (3) the need to correct a clear error or prevent manifest injustice.'"

*Hescott v. City of Saginaw*, No. 10-13713, 2012 WL 13005302, at *2 (E.D. Mich. 2012) (emphasis added) (quoting *Whitford*, 63 F.3d at 530 (quoting *Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986)).

The Corizon Defendants present good reasons for filing a second dispositive motion. Plaintiff has not responded to the Corizon Defendants' request to file another dispositive motion and, therefore, fails to identify any reason why the Court should not grant their request.

Accordingly,

**IT IS ORDERED** that the Motion for Leave to File Second Motion for Summary Judgment (ECF No. 235) is **GRANTED.** The Corizon Defendants shall file their second summary judgment motion within **fourteen (14) days** of this Opinion and Order.

**IT IS SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: July 6, 2022

3