UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TEMUJIN KENSU,

      Plaintiff,

v.

                                                     Civil Case No. 16-13505
                                                   Honorable Linda V. Parker

WILLIAM BORGERDING, M.D., et al.,

      Defendants.
_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION IN LIMINE

      Plaintiff Temujin Kensu filed this lawsuit against a number of Defendants alleging violations of his federal rights. Remaining for trial are Mr. Kensu's claims against Defendants Anne Donaghy, Dave Martin, Richard Gallatin, Vicki Lewis, and Brian Evers (collectively "Defendants") alleging First Amendment discrimination and retaliation, a violation of the Religious Land Use and Institutionalized Persons Act, and cruel and unusual punishment in violation of the Eighth Amendment . Defendants are Michigan Department of Corrections employees. Mr. Kensu is a Michigan prisoner.

      The matter is presently before the Court on Defendants' motion in limine in which they seek to preclude Mr. Kensu from presenting evidence at trial of his past or present medical issues, a 2016 jury verdict in his favor, or any alleged

retaliatory transfer to or from MDOC's Gus Harrison Correctional Facility in Adrian, Michigan, where Defendants worked. (ECF No. 251.) Mr. Kensu filed a response to the motion in which he agrees that there is not need to "go into detail of the medical conditions in which he suffered, or the ways in which Defendants provided, or failed to provide required medical treatment." (ECF No. 252 at Pg ID 9046.) Mr. Kensu further agrees that evidence of the 2016 jury verdict is not relevant. (*Id.*) However, because his remaining retaliations claims (Counts (VII and VIII) are premised on his filing of grievances and lawsuits regarding his medical care, Mr. Kensu argues that evidence of those complaints are relevant and should not be excluded. Mr. Kensu does not address Defendants' request to preclude evidence of his transfer to or from the Gus Harrison Correctional Facility.

## Applicable Law

"A motion in limine is 'any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered.'" *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013) (quoting *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984)). Prior to the commencement of trial, courts in this District note that motions in limine serve the following purposes:

> [To] (i) facilitate trial preparation by providing information pertinent to strategic decisions; (ii) reduce distractions during trial and provide for a smoother presentation of evidence to the jury; (iii) enhance the possibility of settlement of disputes without trial; (iv) provide some additional insulation of the jury from prejudicial inadmissible evidence; and (v) improve the

>conditions under which the trial judge must address evidence issues by reducing the need for hasty decisions during the heat of trial.

*Gonzalez Prod. Sys., Inc. v. Martinrea Int'l Inc.*, No. 13-CV-11544, 2015 WL 4934628, at *2 (E.D. Mich. Aug. 18, 2015) (citing *Figgins v. Advance Am. Cash Advance Ctrs. of Michigan, Inc.*, 482 F. Supp. 2d 861, 865 (E.D. Mich. 2007)).

A district court's ruling on such a motion is "a preliminary, or advisory, opinion that falls entirely within the discretion of the district court." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citing *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), *aff'd*, 469 U.S. 38 (1984)).  District courts have "broad discretion" over matters involving the admissibility of evidence at trial. *United States v. Chambers*, 441 F.3d 438, 455 (6th Cir. 2006) (quotations and citation omitted).  "Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce*, 469 U.S. at 41 n.4.

As an initial step, when analyzing admissibility, a court must consider whether the evidence is relevant.  Under the Federal Rules of Evidence, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.  The Sixth Circuit emphasizes that the threshold for determining the relevancy of evidence is low. *See United States*

*v. Lang*, 717 F. App'x 523, 530 (6th Cir. 2017) (stating that "evidence is relevant if it 'advance[s] the ball' one inch") (quoting *Dortch v. Fowler*, 588 F.3d 396, 401 (6th Cir. 2009) (describing the relevance standard as "extremely liberal")). "[E]ven if a district court believes the evidence is insufficient to prove the ultimate point for which it is offered, it may not exclude the evidence if it has the slightest probative worth." *United States v. Whittington*, 455 F.3d 736, 738-39 (6th Cir. 2006) (citation omitted).

In contrast, irrelevant evidence is not admissible. Fed. R. Evid. 402. Further, a "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403; *see also Robinson v. Runyon*, 149 F.3d 507, 514-15 (6th Cir. 1998) (Evidence is inadmissible "if there is a danger of unfair prejudice, not mere prejudice.") (emphasis in original). "District courts enjoy 'broad discretion' in making the prejudice determination." *United States v. Asher*, 910 F.3d 854, 860 (6th Cir. 2018) (quoting *United States v. Carney*, 387 F.3d 436, 451 (6th Cir. 2004)).

## Analysis

Neither the 2016 jury verdict, Mr. Kensu's transfers to or from the Gus Harrison Correctional Facility, nor Mr. Kensu's past or current medical conditions

are relevant to the claims remaining to be tried in this case.  None of the remaining claims allege denial of needed medical care and the 2016 verdict was rendered after Mr. Kensu left the facility where Defendants are employed.  Mr. Kensu's transfers are unrelated to his remaining claims.

However, two of Mr. Kensu's remaining claims (Counts VII and VII), allege retaliation by Defendants in response to Mr. Kensu's filing of lawsuits and grievances.  Those lawsuits and grievances were, in part, based on Mr. Kensu's assertions that MDOC employees and individuals employed to provide health care for MDOC prisoners were not providing the medical care and treatment Mr. Kensu needed for a variety of ailments.  While lawsuits and grievances filed before the alleged retaliatory conduct are relevant to Mr. Kensu's retaliation claims, the details of those lawsuits and grievances are not.  Most of the details do not make any fact of consequence in determining the action more or less probable.  *See* Fed. R. Evid. 401.  Exploring the details will unnecessarily prolong the trial and risk confusing the jury as to what misconduct is being alleged against Defendants.  The only relevant information concerning those lawsuits and grievances seems to be when they were brought, against whom they were brought, and the general nature of the grievance or claim alleged.  Of course Mr. Kensu will have to show that each of the remaining defendants was aware of his protected activity.

For these reasons, Defendants' motion in limine (ECF No. 251) is **GRANTED IN PART AND DENIED IN PART** in that Mr. Kensu may offer evidence concerning past grievances and lawsuits related to his claimed medical needs but within the parameters set forth above.

**SO ORDERED**.

                                                         s/ Linda V. Parker
                                                         LINDA V. PARKER
                                                         U.S. DISTRICT JUDGE

Dated: July 11, 2023