**Kensu v. Borgerding- 16-13505**

**CLOSE OF EVIDENCE INSTRUCTIONS**

**Jury Instructions**

## <u>GENERAL INSTRUCTION</u>

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law.  It is your duty to follow the law as I state it and to apply the law to the facts as you find them from the evidence in the case.  Do not single out one instruction alone as stating the law, but consider the instructions as a whole.  You are not to be concerned with the wisdom of any rule of law stated by me. You must follow and apply the law.

The lawyers have properly referred to some of the governing rules of law in their arguments.  If there is any difference between the law stated by the lawyers and as stated in my instructions, you are governed by my instructions.

Nothing I say in these instructions indicates that I have any opinion about the facts. You, not I, have the duty to determine the facts.

Jury Instructions

## <u>ROLE OF THE JURY</u>

As members of the jury, you are the sole and exclusive judges of the facts.  You determine the weight of the evidence.  You determine the credibility of the witnesses.  You resolve such conflicts as there may be in the testimony.  You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or functions as jurors.  In order for you to determine the facts, you must rely upon your own recollection of the evidence.  What the lawyers have said in their opening statements, closing arguments, objections, or questions is not evidence.  Nor is what I may have said about a fact issue—or what I may say in these instructions—evidence.  In this connection, you should bear in mind that a question put to a witness is never evidence; it is only the answer which is evidence.  But you may not consider any answer that I directed you to disregard or that I directed struck from the record.  Do not consider such answers.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be.

The rulings and comments I made during the trial are not any indication of my views of what your decision should be as to whether or not Plaintiff has proven his case.  You should draw no inference from the fact that I may have asked questions of certain witnesses. These questions were only intended for clarification or to expedite matters, not to suggest any opinion on my part as to the verdict you should render or whether any of the witnesses may have been more credible than any other witnesses.  To

**Jury Instructions**

be clear, the court has no opinion as to the verdict you should render in this case.

You must perform your duties as jurors without bias or prejudice as to any party.  The law does not permit you to be controlled by sympathy, prejudice, or public opinion.  All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

**Jury Instructions**

## <u>ALL PERSONS EQUAL BEFORE THE LAW</u>

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.  All persons stand equal before the law and are to be treated as equals.

Jury Instructions

## <u>GENERAL INSTRUCTIONS ONCE YOU RETIRE TO DELIBERATE</u>

You must follow these rules while deliberating and returning your verdict:

First, when you go the jury room, you must select a foreperson.  The foreperson will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury room and try to reach agreement.  Each of you must make your own conscientious decision, but only after you consider all the evidence, discuss it fully with the other jurors, and listen to the view of the other jurors.  Do not be afraid to change your opinions if the discussion persuades you that you should.  But do not make a decision or change your opinions simply because other jurors disagree or simply to reach a verdict.  Remember at all times that you are judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

Third, if you need to communicate with me during your deliberations, you must send me a note through the case manager or sworn court officers, signed by your foreperson or one or more jurors.  No member of the jury should ever attempt to communicate with me by any means other than a signed writing.  The case manager, sworn court officers, and I will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open court.  If you send me a note, I will respond as soon as possible either in writing or orally in open court.  Remember that you should not tell anyone—including me—how your votes stand numerically.

Fourth, your verdict must be based solely on the evidence and the law I am giving you in my instructions.  The verdict must be unanimous.  Nothing I

**Jury Instructions**

have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

Finally, the verdict form is simply the written notice of the decision that you reach in this case.  The verdict form sets forth several questions for you to answer. Some of the questions call for a "Yes" or "No" answer, while others call for a monetary amount. The answer to each question must be the answer of all jurors. Your foreperson will write the answers of all jurors in the spaces provided opposite each question.  You will see from the instructions on the verdict form and the wording of the questions themselves that it may not be necessary to answer certain questions depending on your responses to earlier questions.  Simply follow the instructions and you should have no problem understanding how to complete the form.

Nothing in the verdict form prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to what verdict I think you should find.  What the verdict shall be is your sole and exclusive duty and responsibility.

Once you have reached a verdict and recorded it on the verdict form, the foreperson must sign and date it.  Inform the case manager or a sworn court officer that you have reached a verdict.  The foreperson will bring the verdict form when you return to the courtroom.

**Jury Instructions**

## <u>DUTY TO DELIBERATE TO UNANIMOUS VERDICT</u>

Again, your verdict must be unanimous.  It is your duty as jurors to consult with one another and deliberate with a view to reaching an agreement. Each of you must decide the case for yourself, but you should do so only after consideration of the case with your fellow jurors.  To reach a verdict you must reach a unanimous decision, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors. Discuss and weigh your respective opinions dispassionately, without regard to sympathy, prejudice, or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Again, each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors.  No juror's conscientious beliefs should be surrendered solely for the purpose of returning a unanimous verdict.

**Jury Instructions**

## EXHIBITS AND TESTIMONY

Any exhibits introduced during the trial will be provided to you in the jury room. If you want any of the testimony read back to you, you may also request that. Please remember that it is not always easy to locate what you might want, so be as specific as possible when requesting exhibits or portions of the testimony.

## PLAINTIFF'S BURDEN

To prevail, Plaintiff must meet his burden of proof by establishing by a preponderance of the evidence each element of his claims as to each Defendant.  If you find that Plaintiff has succeeded, you should return a verdict in his favor on that claim as to that particular Defendant.  If you find that Plaintiff has not met his burden on any element of a particular claim as to any Defendant, you should return a verdict against Plaintiff on that claim as to that Defendant.

To establish by a "preponderance of the evidence" means to prove that something is more likely so than not.  In other words, a preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds a belief that what is sought to be proved is more likely true than not true.  If, on any issue in the case, the evidence is equally balanced, you cannot find that issue has been proven by a preponderance of the evidence.

This rule does not require proof to an absolute certainty, as proof to an absolute certainty is seldom possible in any case.

Furthermore, this does not require proof beyond a reasonable doubt.  Proof beyond a reasonable doubt is a stricter standard that applies in criminal cases.  It does not apply in civil cases such as this.

**Jury Instructions**

## STANDARDS OF PROOF –
## "IF YOU FIND" OR "IF YOU DECIDE" DEFINED

When I instruct you that a party has the burden of proof on any proposition, or use the expression "if you find," or "if you decide," I mean that you must be persuaded, considering all the evidence in the case, that the proposition is more probably true than not true.

Jury Instructions

# <u>EVIDENCE</u>

The evidence from which you will find the facts are:

1.      The sworn testimony of the witnesses, no matter which party called a witness.

2.      All exhibits received in evidence, regardless of who may have produced the exhibts.

3.      Any facts the lawyers agree or stipulate to or that the court may instruct you to find, which you must take as true for purposes of this case.

Consider only the evidence in the case.  But in your consideration of the evidence, you are not limited to the statements of the witness.  In other words, you are not limited solely to what you see and hear as the witnesses testified.  You may draw from the facts that you find have been proven, such reasonable inferences or conclusions as you feel are justified in light of your experience.

Depositions may also be received into evidence.  Depositions contain sworn testimony, with the lawyers for each party being entitled to ask questions. Deposition testimony may be accepted by you, subject to the same instructions that apply to witnesses testifying in open court.

Certain things are not evidence and must not be considered by you.  I will list them for you now.

1. Statements, arguments, and questions by lawyers are not evidence.

2. My questions and the lawyers' objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe evidence being offered is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.  If the objection is sustained, ignore the question and any answer provided to the question.  If it is

**Jury Instructions**

overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

3. Testimony that the court has excluded or told you to disregard is not evidence and must not be considered.

4. Anything you may have seen or heard outside the courtroom is not evidence and must be disregarded.  You are to decide the case solely on the evidence presented here in the courtroom.

**Jury Instructions**

## <u>DIRECT AND CIRCUMSTANTIAL EVIDENCE</u>

There are two types of evidence you may properly use in reaching your verdict.  One type of evidence is direct evidence.  Direct evidence is something the witness has personally sensed—something the witness has seen, felt, touched, or heard.  Direct evidence may also be in the form of an exhibit.

The other type of evidence is circumstantial evidence.  This is evidence which tends to prove a disputed fact by proof of other facts.  Circumstantial evidence consists of proof of facts and circumstances from which, in terms of common experience, one may reasonably infer the ultimate fact sought to be established.  Such evidence, if believed, is of no less value than direct evidence.  For example, if someone walks into the courtroom wearing a soaking wet raincoat and carrying a wet umbrella, that could be circumstantial evidence from which you could conclude it is raining.

That is all there is to circumstantial evidence.  You infer based upon reason and experience and common sense from one or more established facts the existence or non-existence of some other fact.  Circumstantial evidence is of no less value than direct evidence.  It is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on (e.g., a preponderance of) all the evidence presented.

A claim must be established by the party bearing the burden of proof for that particular claim, and that party may use either direct or circumstantial evidence.

**Jury Instructions**

## <u>WITNESS CREDIBILITY</u>

You have observed the witnesses.  It is now your job to decide whether and how much to believe each witness. You are the sole judges of the credibility of each witness and of the importance of each witness's testimony.

In making these judgments, you should carefully scrutinize the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you decide the truth and the importance of each witness's testimony.

How do you determine where the truth lies?  You watched each witness testify.  Everything a witness said or did on the witness stand counts in your determination.  How did the witness impress you?  Did the witness appear to be frank, forthright, and candid, or evasive and edgy as if hiding something? How did the witness appear; what was the witness's demeanor—that is, the witness's carriage, behavior, bearing, manner, and appearance while testifying? Often it is not what a person says but how the person says it that influences us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.  You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case.  You should consider the opportunity the witness had to see, hear, and know the things about which the witness testified, the accuracy of the witness's memory, the witness's candor or lack of candor, the witness's intelligence, the reasonableness and probability of the witness's testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

**Jury Instructions**

In other words, what you must try to do in deciding credibility is to size up a witness in light of the witness's demeanor, the explanations given, and all of the other evidence in the case.  Always remember that you should use your common sense, your good judgment, and your own life experience.

**Jury Instructions**

## **Corrections Officers, Civilian Witnesses, and Plaintiff's Status as Prisoner**

You have heard testimony from prisoners, civilians, and corrections officers.

In evaluating this testimony, you are to apply the same standards of evaluation to each witness.  You shall not give any greater or lesser weight to the testimony of a witness solely because of his or her occupation as a corrections officer.

Plaintiff's status as a prisoner has absolutely no bearing on his constitutional right to file grievances and lawsuits, or on his right to recover damages if you find, based on the evidence in this trial, that his rights have been violated.  You should evaluate his credibility in the same way that you would evaluate the credibility of any witness.

Jury Instructions

## <u>IMPEACHMENT BY PRIOR INCONSISTENT STATEMENT</u>

You may have heard evidence that at some earlier time a witness said or did something that counsel argues is inconsistent with the witness's trial testimony.

Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence in determining liability. Evidence of a prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted him- or herself. If you find that the witness made an earlier statement that conflicts with the witness's trial testimony, you may consider that fact in deciding how much of the witness's trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based on all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to give to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

**Jury Instructions**

# DISCREPANCY IN TESTIMONY

You may have heard discrepancies in the testimony of certain witnesses, and counsel may have argued that such discrepancies are a reason for you to reject the testimony of those witnesses.

You are instructed that evidence of discrepancies may be a basis to disbelieve a witness's testimony.  On the other hand, discrepancies in a witness's testimony or between the testimony of different witnesses do not necessarily mean that the witness's entire testimony should be discredited.

People sometimes forget things and even a truthful witness may be nervous and contradict him- or herself.  Two people witnessing an event may also see or hear it differently.  Whether a discrepancy pertains to a fact of importance or only to a trivial detail should be considered in weighing its significance; but a willful falsehood always is a matter of importance and should be considered seriously.

It is for you to decide, based on your total impression of the witness, how to weigh the discrepancies in the witness's testimony.  You should, as always, use common sense and your own good judgment.

**Jury Instructions**

## <u>Number of Witnesses</u>

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of many witnesses to the contrary. It is not the number of witnesses or the length of a witness's testimony that should influence your decision but whether the witness's testimony leads you to believe that a fact is likely true or that the witness is most accurate and trustworthy.

**Jury Instructions**

## <u>ALL AVAILABLE WITNESSES OR EVIDENCE NEED NOT BE PRODUCED</u>

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial.  Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

**Jury Instructions**

## INFERENCES

During the trial the attorneys may have used the term "inference" and in their arguments they may have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess.  It is a reasoned, logical conclusion that a disputed fact exists based on another fact which has been shown to exist.

There are times when different inferences may be drawn from facts, whether proven by direct or circumstantial evidence.  The plaintiff asks you to draw one set of inferences, while the defense asks you to draw another.  It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw—but not required to draw—from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.You are to consider only the evidence in the case.  However, you are not limited to the statements of the witnesses.  You may draw from the facts you find have been proved such reasonable inferences as seem justified in light of your experience.

**Jury Instructions**

## <u>STANDARD OF PROOF - JURORS MAY TAKE INTO ACCOUNT ORDINARY EXPERIENCE AND OBSERVATIONS</u>

You have a right to consider all the evidence in the light of your own general knowledge and experience in the affairs of life, and to take into account whether any particular evidence seems reasonable and probable. However, if you have personal knowledge of any particular fact in this case, that knowledge may not be used as evidence.

**Jury Instructions**

## <u>PROHIBITION AGAINST ELECTRONIC DEVICES</u>

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media, such as a telephone, cell phone, smart phone, or computer; the Internet, any Internet service, or any text or instant messaging service; or any Internet chat room, blog, or website, such as Facebook, MySpace, LinkedIn, YouTube, Telegram or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.  In other words, you cannot talk to anyone, correspond with anyone, or electronically communicate with anyone about this case.  You can only discuss the case in the jury room with all of your fellow jurors present during deliberations.  You have a duty to inform me if you become aware of another juror's violation of these instructions.

**Jury Instructions**

## <u>GENERAL: REQUIREMENT OF PERSONAL INVOLVEMENT</u>

Plaintiff must prove by a preponderance of the evidence that each Defendant was personally involved in the conduct that the Plaintiff complains about to hold that individual defendant liable.  You may not find any Defendant liable for what other defendants or individuals may or may not have done.  Each Defendant's liability must be assessed based on the individual's own actions.

**Jury Instructions**

## <u>MULTIPLE DEFENDANTS</u>

Although there is more than one Defendant in this action, it does not follow from the fact alone that if one Defendant is liable to the Plaintiff, all Defendants are liable.  Each Defendant is entitled to a fair consideration of the evidence.  No Defendant is to be prejudiced should you find against the others.  All instructions I give you govern the case as to each Defendant.

**Jury Instructions**

# <u>ELEMENTS OF PLAINTIFF'S CONSTITUTIONAL CLAIMS UNDER 42 U.S.C. § 1983 GENERALLY</u>

Plaintiff claims that Defendants, while acting under color of law, violated Plaintiff's rights under the First and Eighth Amendments to the United States Constitution.  42 U.S.C. § 1983 creates a remedy when a state actor, through his or her actions, deprives a person of the rights secured by the United States Constitution.  Section 1983 does not itself establish or create any federally protected right.  Instead, it allows a person to enforce his or her constitutional rights.

In order to prove his claims, the burden is on Plaintiff to show by a preponderance of the evidence each of the following elements as to each individual Defendant:

|  |  |
|---|---|
| First: | The individual Defendant performed acts which operated to deprive Plaintiff of his constitutional rights, as will be defined and explained later in these instructions; |
| Second: | The Defendant was acting under color of law; and |
| Third: | The acts of the Defendant were the proximate cause of damages sustained by Plaintiff. |

With respect to the second element of Plaintiff's claims—that Defendants acted under color of law—the parties stipulate that Defendants were acting under color of law at the time of the events which are the subject of this lawsuit. Therefore, this second element of Plaintiff's case is not at issue.

**Jury Instructions**

## <u>PROXIMATE CAUSE</u>

As instructed, you must determine if each Defendant's conduct was a proximate cause of any injury or damage to Plaintiff.

An injury or damage is proximately caused by an act, or a failure to act, whenever it appears from the evidence in the case that the act or omission played a substantial part in bringing about or actually causing the injury or damage, and that the injury or damage was either a direct result or a reasonable probable consequence of the act or omission.

"Proximate cause" means, first, that there must have been a connection between the individual defendant's actions or omissions and Plaintiff's injury, and, second, that the occurrence which is claimed to have produced the injury was a natural and probable result of the individual Defendant's conduct.

**Jury Instructions**

## FIRST AMENDMENT RETALIATION CLAIM

To prove a retaliation claim, the Plaintiff must establish, by a preponderance of the evidence, each and every one of the following three elements:

(1) the Plaintiff's conduct was protected by the First Amendment;

(2) the Defendant took an adverse action against the Plaintiff; and

(3) the Defendant's adverse action was motivated by the Plaintiff's protected conduct.

I will explain each of these elements in greater detail in a moment.  If you find the Plaintiff has proven each of these elements by a preponderance of the evidence, your verdict will be for the Plaintiff.

Protected Conduct

Plaintiff has a First Amendment right to file grievances against prison officials.

Adverse Action

An adverse action is an act that is capable of deterring a person of ordinary firmness from pursuing his First Amendment rights.  If you believe that Plaintiff has proven by a preponderance of the evidence that a Defendants took action against Plaintiff that would deter a person of ordinary firmness from filing grievances against prison officials, then that Defendants have taken an adverse action against the Plaintiff.

Motivation

Plaintiff has the burden of establishing by a preponderance of the evidence that there is a "but-for" causal connection between the protected conduct and the adverse action. In other words, Plaintiff must prove that

**Jury Instructions**

Defendants would not have taken the adverse action if not for a retaliatory motive.

> Defendants' Rebuttal Burden

If Plaintiff shows that his protected conduct was a motivating factor in the Defendants' actions, the Defendants bear the burden of establishing, by a preponderance of the evidence, that he would have taken the same action even if Plaintiff had not engaged in the protected activity.

If you find either that Plaintiff has failed to prove by a preponderance all of the things required of him, or that Defendants have shown by a preponderance that he would have taken the same action even without the protected activity, your verdict will be for Defendants.

**Jury Instructions**

## FIRST AMENDMENT FREE EXERCISE CLAIM

Prison inmates retain their First Amendment protection to freely exercise their religion and they must be afforded reasonable opportunities to exercise their religious freedom while incarcerated.[1]  Plaintiff alleges that Defendants Evers, Martin, Coleman (previously Donaghy), Lewis, and Gallatin violated that right by depriving him of religious property.  To establish that his First Amendment right to the free exercise of religion has been violated, Plaintiff must prove by a preponderance of the evidence that:

(1) Plaintiff believes the property taken is religious or necessary to practice his religion within his own "scheme of things";

(2) his belief is sincerely held, which is distinct from reasonableness;[2] and

(3) the individual Defendant's behavior substantially burdened Plaintiff's ability to exercise his religion.[3]

If you find that the individual Defendant's actions did not prevent Plaintiff from freely practicing his religion, the individual Defendant must prevail.

However, even if you find that the individual Defendant's actions prevented Plaintiff from freely practicing his religion, the individual Defendant is still entitled to prevail if that Defendant establishes that his or her actions were reasonably related to legitimate prison management objectives, such as security, order, or rehabilitation.  When assessing whether an individual Defendant's actions were reasonably related to legitimate prison management objectives, there are four factors that you should consider:

(1)     Whether there is a valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it;

---

[1] *Cruz v. Beto*, 405 U.S. 319, 322 n.2 (1972)
[2] *New Doe Child #1 v. Cong. of U.S.*, 891 F.3d 578, 586 (6th Cir. 2018); *Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 725 (2014)
[3] *Hobby Lobby*, 573 U.S. at 693.

**Jury Instructions**

(2)      Whether alternative means of exercising the right remained available to Plaintiff;

(3)      The impact that accommodation of the asserted constitutional right would have on guards and other inmates, and on the allocation of prison resources generally; and

(4)      Whether alternatives were available that fully accommodated Plaintiff's rights at minimal cost to valid prison management objectives.[4]

If you find that the first factor is not satisfied, you must find for Plaintiff. However, if you find the first factor satisfied you must consider the remaining three factors.  These three factors are considered and balanced together; however, they are not necessarily weighed evenly.  Instead, they represent "guidelines" by which you evaluate whether the individual Defendant's actions were reasonably related to a legitimate prison management objective.

Defendants are not required to adopt the "best" or "least restrictive" alternative method of accommodating Plaintiff's right to freely exercise his religion.  So long as the individual Defendant's actions are reasonably related to a legitimate prison management objective, the individual Defendant must prevail.

---

[4] *Turner v. Safley*, 482 U.S. 78, 89-91 (6th Cir. 1987).

Jury Instructions

## <u>EIGHTH AMENDMENT DELIBERATE INDIFFERENCE CLAIM</u>

Under the Eighth Amendment, a convicted prisoner has the right to be free from "cruel and unusual punishments."  Plaintiff claims that Defendants Evers and Martin violated his Eighth Amendment rights by subjecting him to certain cell conditions.  To prove this claim, Plaintiff must prove the following elements by a preponderance of the evidence:

1.     Plaintiff was confined in conditions that subjected him to a substantial risk of serious harm;

2.     The individual Defendant was aware of the conditions of confinement to which Plaintiff was subjected and the substantial risk of serious harm the conditions posed to Plaintiff;

3.     The individual Defendant, with deliberate indifference to the conditions of confinement, failed to take reasonable measures to correct those conditions; and

4.     Plaintiff was injured as a result of the individual Defendant's deliberate indifference to the conditions and the serious risk of harm they posed.

If Plaintiff fails to prove any of these elements, you must find for the individual Defendant.

It is not enough that the conditions Plaintiff complains of were restrictive or even harsh; this is part of the penalty that criminal offenders must pay.  The conditions must have deprived Plaintiff of the minimal civilized measure of life's necessities.  The test is an objective one, and in applying it, you should be guided by society's contemporary standards of decency.  What you must decide, then, is whether or not, under the circumstances, the conditions of

**Jury Instructions**

confinement about which Plaintiff complains deprived Plaintiff of the minimal civilized measure of life's necessities.

**Jury Instructions**

# <u>VERDICT</u>

Your verdict as to each of Plaintiff's claims will be for Plaintiff if he proves all elements of the particular claim.  Again, Plaintiff must prove all of the elements for each claim for each individual Defendant to hold that individual Defendant liable.

If Plaintiff has failed to prove any element of a particular claim as to an individual Defendant, your verdict will be for that Defendant on that claim.

**Jury Instructions**

## <u>CONSIDER DAMAGES ONLY IF NECESSARY</u>

  If you find that Plaintiff has proven a claim against any individual Defendant by a preponderance of the evidence, you must determine the damages to which Plaintiff is entitled from that particular Defendant.  You should not interpret the fact that I am giving instructions about the Plaintiff's damages as an indication in any way that I believe that he should, or should not, win this case.  It is your task first to decide whether each Defendant is liable.  I am instructing you on damages only so that you will have guidance in the event you decide that any individual Defendant is liable and that Plaintiff is entitled to recover money from any individual Defendant.

Jury Instructions

## <u>COMPENSATORY AND NOMINAL DAMAGES</u>

If you find for Plaintiff on any of his claims, you must determine his damages.  Plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate Plaintiff for the deprivation of his Constitutional and/or statutory rights proximately caused by each Defendant.  Damages may not be based on speculation, guess, or conjecture, and you must not award any damages as punishment or through sympathy.  Damages must be based on the evidence presented at trial and only that evidence.  However, it is not necessary for Plaintiff to prove the amount of his damages with certainty.

If you find one or more Defendants liable for Plaintiff's injuries, you must award Plaintiff the damages he has proven to have been proximately caused by each of those individuals.

You should consider the following elements of damages to the extent you find them proven by a preponderance of the evidence:  The physical pain and mental or emotional suffering Plaintiff has experienced; the nature and extent of the injury, whether the injury is temporary or permanent.

If you find for Plaintiff, but find that he has failed to prove that his damages have monetary value, you shall return an award of nominal damages not to exceed one dollar.

Jury Instructions

## PUNITIVE DAMAGES

In addition to the damages mentioned in other instructions, the law permits the jury under certain circumstances to award the injured person punitive damages in order to punish the defendant and to serve as an example or warning to others not to engage in such conduct. These punitive damages may be awarded for violations of Plaintiff's constitutional rights.

If you find in favor of Plaintiff, and if you find the conduct of any Defendant to have been recklessly and callously indifferent to Plaintiff's constitutional rights, then, in addition to any other damages to which you find Plaintiff entitled, you may, but are not required to, award Plaintiff an additional amount as punitive damages against that Defendant if you find it is appropriate to punish the individual or deter the individual and others from like conduct in the future. Whether to award Plaintiff punitive damages and the amount of those damages are within your sound discretion.

Factors which, in appropriate circumstances, you may consider in awarding punitive damages include, but are not limited to:

(A)    The nature of the individual Defendant's conduct;

(B)    The impact of the conduct on Plaintiff;

(C)    The relationship between Plaintiff and the individual Defendant;

(D)    The likelihood that the individual Defendant would repeat the conduct if a punitive award is not made; and

(E)    Any other circumstances shown by the evidence, including any circumstances of mitigation, that bear on the question of the size of any punitive award.

**Jury Instructions**

## <u>COMMUNICATIONS BETWEEN COURT AND JURY DURING JURY'S DELIBERATIONS</u>

If you need to communicate with me during your deliberations, you will send me a note through the Case Manager or sworn court officers, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me by any means other than a signed writing, and I will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open court.

You will note from the oath about to be taken by the court officers that they, too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person—not even to me—how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a verdict.

s/ Linda V. Parker_____
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: August 1, 2023